M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of covenant brought by Tate, the appellant, against Barcroft. The declaration states, that on the-- day of-«, &c., the said Elias made his covenant, (without saying to whom he made it,) and that he thereby covenanted, (without saying with whom,) that he would become responsible, (without saying to whom,) for the one-half of a certain note for $408, given by Tate, and one Turby, to W. V. Rector &. Co.j and also, that he, Barcroft, would forever free the said Tate from any costs that might accrue on said note. The breach is, that Barcroft did not become responsible and free the said Tate from costs, &c. A plea of accord and satisfaction is pleaded, and issue thereon. The Court find for plaintiff, and assess damages, &c. A motion is made in arrest of judgment, on the following reasons'} First, Turby is jointly interested, and is not a party. Second, That if Tate could sue alone, it would only be for costs that would accrue. Third, It has not heen al* lodged in the declaration, that ■ judgment was recovered on the note of Tate to Rector & Co., for which, the writing declared on, was given as an indemnity. Fourth, The breach is not sufficiently assigned. Upon these reasons the Court arrested the judgment. As to the first objection, there is nothing in it. As to the second, that Tate could only sue for costs, if he could sue at all, he must sue for all, for Barcroft binds himseli to become responsible. The breach is, that he has not done it. This objection is not tenable. The third objection is, the want of the allegation that judgment was recovered against Tate, on the note to Rector & Co, The undertaking is not that Barcroft will indemnify, but that he will become responsible. The breach is, that he has not become responsible, &C.5 therefore, this objection is not well founded. Fourth, The breach is not sufficiently assigned. The breach here is as large as the covenant, and that is enough. If a breach is not well assigned, in most cases, it is only cause of demurrer, and not cause in arrest of judgment. The breach is, perhaps, larger than the covenant, but should have heen demurred to ¡ so this objection fails. But, yet, this judgment of the Circuit Court cannot be reversed, because, on the whole record, judgment is giyen for the right *116 party. The declaration should have stated with whom Barcroft covenanted, and to whom he was to become responsible, which it does not do. It is, therefore, defective, and such a one as no judgment ought to be given on. It is a rule of revising Courts, that if, on the whole of the record, judgment is given for the right party, it ought to stand.
Therefore, this judgment is affirmed, with costs.