Jones, J.,
delivered the opinion of the Court.
This was an action on the case for slander, brought by the plaintiff in error, who was also plaintiff below, against the defendant, for calling him a murderer, a God darn’d murderer. Plea, not guilty, and issue joined. On the trial of the cause, several exceptions were taken and filed to the opinion of the Court, admitting improper evidence to be given for the defendant, which exceptions were: Eirst, for admitting evidence to he given to the jury of the general character of the plaintiff, in mitigation of damages; second, for admitting evidence to he given for the defendant in mitigation of damages; that the words were spoken by others, and that it was a current report; third, for admitting the testimony of one Wm. Edgar to go to the jury as evidence for defendant, which stated that previous to April then last, there was a report in circulation that the plaintiff had committed murder, which report took place after the death of one Jacky B. Stephens 5 that it was reported, by a number of persons, that he had committed a murder on a Yankee pedlar- in Tennes *182 see ;• that a Mr. Rubottom had told him that he saw a man from Tennessee., who told- him so, and that was the way the report was circulated, and this was the murder lie'referred to before.
The jury returned a verdict for the plaintiif, with one cent damages ; on which judgment was entered; to reverse which, the plaintiff brought his writ of error, and assigned for error the exceptions taken to the opinions of the Judge, for admitting (he several matters above, and i» miio est erratum, pleaded. When a party institutes an action of slander, he' puts his general character in issue as to the crime or charge imputed to him by the defendant. It does not appear by the hill of exceptions, how far the general character of the plaintiff was permitted to he gone into; we must, however, presume that it related only to his being a murderer; and if so, we think the decision of the Court below was Gorreot, ia permitting the general character of the plaintiff, on that head, to be given in evidpnce for the defendant in mitigation of damages. As to the second point in the hill of exceptions, we are of opinion that the Court below erred in permitting evidence to prove that the same words were spoken by others, and that it was a current report; for if fifty or five hundred persons had made use of similar slanderous words of the plaintiff, it will not avail the defendant, either as a justification or in mitigation of damages. Each one must answer for his own acts, and if such kind of testimony were to be admitted, nothing would be more easy than, by collusion with others, to make use of the same words, thus to deprive the plaintiff' from any possible mode of redress for the most slanderous charges; as all that would he necessary to be proven, in a particular action, would be, that any other persons had slandered the plaintiff also.
The opinion given by the Court below, as detailed in the third exception, is also erroneous. Hearsay testimony, except in some particular case», (this not being one of them,) is not allowable. The testimony of Edgar, that a particular person told him, that another person had informed him, that the plaintiff had murdered a man in Tennessee, was, at last, hut hearsay testimony at second hand. But admitting, (which we do not,) that Rubottom had informed the witness of what was told him by the man from Tennessee, of the plaintiff’s being a murderer, Rubottom himself ought to have been produced, to give hís testimony of the fací. We are, however, of opinion, that neither Rubottom himself, nor the man from Tennessee, unless he could prove the plaintiff a murderer, could be admissible testimony for the plaintiff, even in mitigation of damages.
The judgment of the Circuit Court is, therefore, reversed, and the cause is remandT ed to the Court below for a new trial, conformably to the opinion herein given; and let the plaintiff' recover his costs and charges, in prosecuting this his suit in error,,