## CHURCH vs. BRIDGMAN & WIFE.

1. Action of slander—plea, that the slanderous words were spoken on the authority and information of one S. and that at the time of speaking the words, defendant gave the name of the author. Held to be a good plea of justification.

2. But to sustain this plea, the defendant is bound to prove that the words were actually spoken by the person whose name was given up as the author.

3. Where the slander imputed was in relation to the crime of passing counterfeit money, there must be a colloquium in the declaration averring that deft. spoke the words of and concerning pltff's commission of the offence of passing counterfeit money, knowing the same to be counterfeit.

4. The want of this averment in the declaration is not aided by the innuendo.

Opinion of the Court delivered by Napton Judge.

Church sued Bridgman and wife in the circuit court of St. Genevieve county for slanderous words spoken of him by the wife of Bridgman. The slanderous words charged in the declaration were that defendant said "that he (meaning Church,) was packing up to go away and that he was a good deal behind hand, and that he was in the habit of handling and passing counterfeit money, (meaning that he the said Church knew the same to be counterfeit,) that he had passed a counterfeit ten dollar note on one Simms, (meaning what is usually called a ten dollar bank note, and meaning that the said Church knew the same to be counterfeit,) put

that he got his counterfeit money from the same place where he bought his goods, (meaning that the said Church knew the same to be counterfeit,) and came down here; (meaning the county of St. Genevieve,) and passed it off when and as he could and that he, (meaning the said Church) had taken counterfeit money and goods back in the county and purchased horses, (meaning that he the said Church had bought horses and paid for them in counterfeit money and which he the said Church knew to be counterfeit,) and that all this was no secret it being all over town, (meaning the town of St. Genevieve, in the county of St. Genevieve,) &c." Defendants pleaded the general issue and a special plea in justification. The special plea·alleged that before the speaking of the words charged, the defendant had been told by one Simms that the said plaintiff wa⸗ a good deal behind and that he intended to go away, that the plaintiff was in the habit of passing bad money and that he (Church) had changed a twenty dollar bill for him, (Simms) and that Church gave him a ten dollar counterfeit bill, and that it was the general report in town that he got the counterfeit and bad money from the same place where he got his goods, and came down here to pass it off, that it was no secret but generally known throughout the town, and that at the time of speaking the words charged, she the said defendant, declared in the presence and hearing of all to whom she spoke the words she had heard, and been told the same by the said Simms. Issue was taken upon this plea, and upon the plea of not guilty; the parties went to trial, and the jury returned a general verdict not guilty: a motion was made for a new trial because the verdict was without evidence, and not sustained by the evidence, and against law, which was overruled, and the plaintiff appealed to this court. The bill of exceptions shows the substance of the evidence to have been as follows: one Adams testified on behalf of plaintiff, that he called at Mr. Bridgman's house, and Mr. Bridgman enquired of him how Church came on, if he was not going away; that Mr. Simms had told him on the day before, that he heard he was packing up to go away, that he was a good deal behind hand, and he (Simms) told her, that he heard he was

in the habit of handling and passing bad money; that he had changed a twenty dollar note for him Simms; and Church gave him a ten dollar counterfeit note on the United States Bank, and that it was the general opininion, or report in town, that he got this counterfeit or bad money, from the same place where he got his goods, and that down here he passed it off where, and as he could, and that it was also thought he took some goods, and some such counterfeit money out back in the county, and bought horses with it to bring here and sell; she said that it was told to her as no secret, Mr. Simms had told her, and told her as no secret, for it was all through town. The witness also proved that Church was a merchant.

James Simms testified, that he had a conversation with Mrs. Bridgman about November 1837, and that in that conversation he stated to her that Church had changed a twenty dollar bank note for him, and had given him in exchange a ten dollar note on the Bank of the United States, which note he had passed to C. C. Valle, who after having had the same examined had returned the same to witness, stating that it was believed that the note was counterfeit. Witness took back the note and returned the same to Church who took it and gave him good money. Witness stated that he made no other statement to Mrs. B. in relation to Church, or his conduct, or about this matter in dispute and that even the above was stated to get rid of the conversation in relation to Church. W. Scott also testified that Mrs. Bridgman, one of the defendants, had brought him a note to collect on Church about this time, and that she complained much of his neglect in failing to pay, but nothing was said in relation to Church's character, or his passing counterfeit money, this was all the testimony in the case.

The errors relied on by the appellant are, that the circuit court erred in permitting the defendants to prove that Casa Bridgman had heard the words spoken by an other, and only repeated them.

2. In refusing to grant a new trial.

The evidence objected to by appellant it seems was elicited from his own witness Adams. The plaintiff did not de-

mur to the plea, but if the plea was bad the evidence was admissible under the general issue, 2 Saunders on Evidence 353. There has been much diversity of opinion both in England and this country, in relation to the sufficiency of such a plea as was here put in. The weight of authority is however in support of the plea, in an action for verbal slander. In Burris vs. McCorkle (2 Brown's Rep. 90, cited in Starkie Ev. p. 471,) the rule as to oral slander is stated to be, that if the words are uttered generally, the defendants cannot justify by giving the name of the author in his plea, or at the trial, it can then only go in mitigation of damages, but if at the time he repeats the words, he gives the name of the author so that the party may have his action against him, it is a justification. The case of Anthony vs. Stevens (1 Mo. Rep. 254) does not at all militate with this doctrine. This court in that case held, that it was no justification, nor even a mitigation of damages, for defendant to prove on the trial that others had spoken the slanderous words. That is certainly a very different matter from the case where a party states the slander as on the information and authority of another, and at the time of making the statement gives the name of his author, Earl of Northampton's case 12 Rep. 130. Davis vs. Lewis 7 T. Rep. 17 cited in 2 Sand. on Ev. p. 377. I suppose the true criterion to be the *quo animo* with which the words are uttered, and though accompanied with the name of the author they may be repeated with a malicious intent and a mischievous effect; of this the jury must be the judges. The plea was good and the evidence was clearly admissable under the plea.

The second error alledged is the refusal of the court to grant a new trial because the verdict was against evidence.

The testimony of Adams sustained the plea so far as it went, but the testimony of Simms was a positive contradiction of the statement of Cassa Bridgman. To have sustained this plea the defendants were bound to prove the slander actually published by the person whose name was given up as the author. Maitland vs. Gouldney, 2 East. 426. This they entirely failed to do and defendants not having withdrawn their plea of justification and the plantiff having pro-

N

SEPT. TERM
1839.

Church
vs.
Bridgman and
wife.

Action of slander--plea. that the slanderous words were spoken on the author-ity and infor-mation of one S, and that at the time of speaking the words defend-ant gave the name of the author. Held to be a good plea of justi-fication.

But to sus-tain this plea, the defendant is bound to prove that the words were actually spo-ken by the

SEPT. TERM 1839.

Church *vs*, Bridgman and wife.

*person whose name was given up as the author.*

*Where the slander imputed was in relation to the crime of passing counterfeit money, there must be a colloquim in the declaration averring that deft. spoke the words of and concerning pltffs commission of the offence of passing counterfeit money, knowing the same to be counterfeit.*

*The want of this averment in the declaration is not aided by the innendo.*

ved the slanderous words, there seems to be nothing in the evidence on which the verdict could be supported, even if the jury disregarded the testimony of Simms, to whom the original slander was imputed, for the burthen of proof devolved on defendant under his special plea; but the declaration in this case is fatally defective. The slander imputed was in relation to passing counterfeit money, which is no offence under our law, unless it is done knowing the same to be counterfeit. There is no colloquium in the declaration averring that defendant spoke the words of and concerning the plaintiff, and of and concerning his commission of the offence of passing counterfeit money, knowing the same to be counterfeit. The want of this averment in the colloquium is not helped by the inuendo, Morris vs. Dyer 4 Mo. Rep. 214. Had the plaintiff got judgment in the circuit court it ought to have been arrested—but as the judgment below is for the defendant that judgment must be affirmed. Judgment affirmed.

### Scott and Zeigler for Appellant.

1st. The error of the circuit court is in permitting the defendants to prove by a witness, that the defendant Cassa Bridgman heard the words spoken by another and that she only repeated them. On this point, see the case of Anthony vs. Stephens 1 vol. Mo. Rep. page 254.

2nd. Point relied on is the error of the circuit court in refusing to grant a new trial for the reasons filed. See the testimony in the case, also see the decision in the case of Estes vs. Antrobus 1st vol. Mo. Rep's. page 197 and the statute on the subject of new trials page 470, 3 vol. Mo. R. page 188 Cooper vs. Barlow.

### Brickey for Appellees.

1. That this cause was fairly submitted to a jury upon the issues joined, and the evidence of the plaintiff alone, (the deft's offering no evidence,) and the jury being exclusively judges of all facts and circumstances of the case and having found a verdict for the defts, there is no error in the court refusing a new trial.

2. The evidence in this case shows that if the words spoken were slanderous, they were spoken by the wife of the defendant in his absence, without his knowledge, consequently the damage, if any, must have been inconsiderable, and it is a general rule where the damages must necessarily be trifling, the court will not grant a new trial.

3. The words charged and alleged to be slanderous in the declaration are not in themselves actionable and there being no special damages, laid or proved the plaintiff can not recover. 1 Chit. Pl. 486–7–8. 1 Chit. pl. 381–2–3. 2 Chit. pl. 506–7, as to form of the plea. 3 vol. Mo. Rep. 188, (Cooper vs Marlow). 2 Esp. N. P. 88.