## MOBERLY *vs.* PRESTON AND WIFE.

1. To publish falsely and maliciously of a woman that she "had a child," with the intention of charging her with having been guilty of fornication, is actionable under the act of January 14, 1835, "declaring certain words actionable."—Rev. Stat. 1835, p. 581.

2. A plea of justification in slander, that defendant, being asked by one B. of and concerning the words spoken and published, answered and declared that he had heard and been told the same by one S., is bad. It should have been averred that the defendant, at the time of speaking the words, gave the name of the author.—See Church *vs.* Bridgman and Wife, 6 Mo. Rep., 190.

3. In a plea of justification in slander that the words are communicated to defendant by a third person, and that he gave the name of his author at the time of speaking the words, the defendant should give a cause of action against such third person by showing that he spoke the words falsely and maliciously, and that defendant believed what he heard, and repeated the words on a justifiable occasion.

4. In an action of slander, for charging plaintiff with having been guilty of fornication, evidence that there was "a common report in circulation," concerning the guilt of the plaintiff, is inadmissible. Neither can the defendant prove that a third person told him of the report before the time he was charged with speaking the words.

*Moberly* vs. *Preston and Wife.*

ERROR to Livingston Circuit Court.

CLARK, *for Plaintiff in Error.*

1. The declaration is defective. There is no cause of action sufficiently set out. The inuendo attached to each count does not help it, there being no sufficient colloquium, or previous statement.—4 Mo. Rep., Dyer *vs.* Morris, 214.

2. The Circuit Court clearly erred in sustaining the objections to the questions propounded to the witnesses, Bridgman and Hendricks. It is competent for a defendant in slander, upon a plea of not guilty, to prove in mitigation of damages that the slanderous words were first spoken by others. In this case there was not only issue taken upon the plea of not guilty, but upon a special plea in justification, alleging that the defendant only repeated what had been told him by another. — 6 Mo. Rep., 190, Church *vs.* Bridgman and Wife, and the authorities there cited; 1 Binney, 89–92, Kennedy *vs.* Gregory, and Morris *vs.* Duane; 9 Porter's Ala. Rep., 139, Arington *vs.* Jones.

3. The words as set out in the declaration are not very clearly proved, and if proved at all, it is by witnesses who are entitled to but little credit, as their manner of testifying shows. The whole evidence, considered together, also shows that the defendant was not actuated by malice, or at least such malice as warranted the damages assessed by the jury.— Berry *vs.* Dryden, 346, 7 Mo. Rep.

4. It is contended, that the truth of the defendant's special plea was substantially made out by evidence, and that the verdict ought to have been for him.

It is therefore insisted, that the Circuit Court erred, first, in not arresting the judgment, and secondly, in not granting a new trial.

STRINGFELLOW, *for Defendant in Error.*

1. The demurrer to first and third special pleas was properly sustained. 1st: —In this plea the exact words of the third person must be given:—they must be alleged to have been spoken *falsely and maliciously*, and that defendant believed them when he repeated them, and that he repeated them on a justifiable occasion. — Chitty's Plead., vol. 1, p. 532, and note, 911, *ibid.*; Church *vs.* Bridgman and Wife, (as to *quo animo*,) 6 Mo. Dig., 193. All these requisites are wanting in those pleas.

2. The verdict was not against evidence. The words laid were substantially proved. It is only necessary to prove so many of the words laid as import a charge of fornication.

3. The special plea of defendant was not sustained by the evidence.

4. The damages were not excessive; but were too little.

5. The questions propounded to Lucretia Bridgman and Betsy Hendricks ought to have been, and were, properly rejected.— Anthony *vs.* Stephens, 1 Mo. Dig., 181; Church *vs.* Bridgman and Wife, 6 Mo. Dig., 193.

7. The declaration is not defective; but contains all the necessary averments.

*Moberly* vs. *Preston and Wife.*

TOMPKINS J., *delivered the opinion of the Court.*

Francis Preston, and Zera, his wife, brought their action, for words spoken, against William Moberly, in the Circuit Court of Livingston county, and there obtained a judgment, to reverse which he prosecutes this writ of error.

There are three counts in the declaration. In the first count it is charged, that the defendant, in a conversation held about Zera Preston, while she was sole and unmarried, spoke, of and concerning her, these words: "Mrs. Preston had a child in Kentucky;" meaning that she was guilty of fornication.

In the second count, after a like colloquium, and allegation of several persons being present, the words charged are, "Preston's wife had a child in Kentucky, before she came to this country;" meaning that she had been guilty of fornication.

The third count, after the proper colloquium, charges these words to have been spoken: "Frank Preston's wife had a bastard child while in Kentucky, before she came to this country." In all of these counts there are proper averments that the words were spoken of and concerning Zera Preston, one of the plaintiffs.

To this declaration, the defendant filed, 1st, the general issue; 2d, three special pleas of justification. Demurrers were sustained to the first and third special pleas, and issues being joined on the first plea pleaded, and an issue being made on the second special plea, the parties went to trial. The plaintiff had a verdict and judgment for $1300. The defendant moved in arrest of judgment, and for a new trial.

It is actionable to publish, maliciously and falsely, in any manner whatsoever, that any person has been guilty of fornication or adultery.— See the act declaring certain words actionable, p. 581 of the Digest of 1835, title, "Slander."

In each of the three counts the falsehood and malice is charged in the very words of the statute; and from the words charged to have been spoken in reference to the colloquium, the guilt of fornication arises. Each count would have been good on demurrer. It is, then, good on a motion to arrest the judgment, since many defects, that might have been taken advantage of on demurrer, are cured by verdict.—Digest of 1835, p. 468, sec 7.

It was also urged in arrest, that the demurrers of the plaintiff to the first and third pleas were wrongly sustained,

The defendant, in the first special plea, alleges, that, at the time of speaking and publishing the said several words in the said declaration mentioned, being then and there interrogated, and asked by Lucretia Bridgman, &c., of and concerning the words spoken and published, he then and there answered and declared, &c., that he had heard and been told the same from and by Sarah Cox, &c. This plea is evidently bad. It should have been alleged and proved, that, at the time of speaking the words in the declaration charged, the defendant gave the name of the author.—Church vs. Bridgman and Wife, 6 Mo. Rep., p. 193.

The third special plea runs thus: that the said plaintiffs ought not to have or maintain their said action thereof against him, because, he says, that before the speaking of the words charged in the declaration, the defendant had been told by one Sally Cox, &c., that the said Zera Preston had a child in Kentucky before she came

to this country, (thereby then and there meaning that she had been guilty of fornication;") and he then alleges, that, at the time of speaking the words in the declaration charged, he, the said defendant, declared, in the presence and hearing of all to whom he spoke these words, to wit, &c., that he had heard, and been told the same by said Sally Cox, and that he repeated the same with no evil intent.

In Chitty's Pleadings, p. 532, it is said, that a plea of justification of this kind should give a cause of action against the person whom the defendant gives as his author, by showing that the informant spoke the words falsely and maliciously, and that the defendant believed what he heard, and repeated the words on a justifiable occasion. Chitty refers to McPherson *vs.* Daniels, 10 B. & C., 263, viz.: 21 Com. Law Rep., 71. In that case, Judge Bayley says, "The charge in the declaration is, that the defendant falsely and maliciously spoke and published, in the presence and hearing of other persons, of and concerning the plaintiff, and of and concerning him in his business or trade of a coach-proprietor, these false and malicious words: His horses have been seized from the coach on the coach-road; he has been arrested, and the bailiffs are in his house, thereby meaning and intending that the plaintiff was in bad circumstances, and was incapable of paying his debts. Now, that imports an unqualified assertion to have been made by the defendant, and if he had pleaded the general issue only, it would have been incumbent on the plaintiff to have proved, at the trial, an unqualified assertion by the defendant to that effect; and if, instead of proving an unqualified assertion by the defendant, he had proved only that the defendant had said that Worr had told him that the plaintiff had been arrested, &c., the defendant would have been entitled to a verdict. He was bound, therefore, according to the first principles of pleading, to confess the charge he professed to answer, and then to aver some matter as an answer. The charge is, that the defendant made an unqualified assertion that the plaintiff had been arrested, &c.: unless the plea, therefore, contain an admission by the defendant, that he spoke the words having that unqualified sense, it is bad. The plea does not admit that he spoke the words in an unqualified sense; it is, therefore, bad, because it does not confess the charge stated in the declaration. Another objection pointed out by my brother, Parke, is, that the plea gives the plaintiffs no cause of action whatever against Worr, and that, according to Lord Northampton's case, (12 Cooke, 124,) a person, to justify the repetition of slander must give the person slandered a cause of action against the other. Now, here the plea merely states that the words were spoken by Worr, without adding, that they were spoken falsely and maliciously. They might have been spoken by Worr upon a justifiable occasion, as by way of confidential communication to a creditor, or in a court of justice. Worr may have been examined in a court of justice, and the words may have been extracted from him on cross-examination. Assuming, therefore, that the defendant might rely on the fact of his having heard the words first spoken by Worr, and of his having named it at the time as an answer to this action, still he ought to have shown, by his plea, that the words were spoken by Worr under circumstances which did not justify the speaking of them."

Apply what is above said to the special plea in this case. Moberly does not admit that he spoke these words as charged in the declaration. The words which

he avers in this plea, that he heard spoken by Sally Cox, are—"Zera Preston had a child in Kentucky before she came to this country." The record shows that Zera Preston is the wife of Francis Preston, and for anything here shown, she might have borne this child in lawful wedlock; the intelligence might have been communicated, in friendly conversation, held by Sally Cox with a newly-formed acquaintance of Zera Preston. This third special plea is certainly bad.

A motion was also made for a new trial; but as no instructions were asked, the judgment of the Circuit Court cannot be reversed but for very obvious reasons. The reasons for a new trial are—

1. Because the evidence does not support the declaration.

2. Because the words charged in the declaration were not proved.

3. Because the court refused to admit proper and legal testimony offered on the part of the defendant.

It is obvious that where any testimony has been given in such an action, it is the province of the jury to decide whether the evidence supports the declaration, or whether the words charged in the declaration were proved.

To me it appears, that an abundance of evidence was given to justify a jury in the two findings, even if instructions had been asked; but as none were asked, I shall not consume time in the inquiry.

But it was one reason assigned for a new trial, that evidence of the defendant ought to have been admitted which had been excluded. Lucretia Bridgman was asked whether there was a common report in circulation about Mrs. Preston having a child. Betsy Hendricks was asked to state whether she ever told the defendant of the report before the time he was charged with speaking the slanderous words in the declaration mentioned, and to state what she told him. The court suffered neither of these questions to be answered. Amongst other cases cited by the counsel for the defendant, to show the court committed error in overruling this question, is Church *vs.* Bridgman and Wife, where it is said that it is no justification, nor even mitigation of damages, for the defendant to prove on the trial that others had spoken the slanderous words. (6 Mo. Rep., 190; and Anthony *vs.* Stevens, 1 *Ibid.*, 254.) The defendant is not more fortunate in two other cases cited, (1 Binney, 89–92, Kennedy *vs.* Gregory, and Morris *vs.* Duane.) I should have cited this case for the plaintiff, Preston: Arrington *vs.* James, 9 Alabama Reports, 139, is not in point.

The judgment of the Circuit Court must be affirmed.