## COCKRILL vs. OWEN.

1. The recognizance for an appeal from the judgment of a Justice, is strictly a recognizance, and not a penal bond, nor must breaches be assigned in a suit upon such an instrument.

2. Justices of the Peace have jurisdiction in actions upon such recognizances.

3. If upon the trial of an appeal in the Circuit Court, judgment be rendered against the appellant, but not against his security on the recognizance, an action upon the recognizance is not barred by such omission.

4. If a Justice fail to approve and attest a recognizance for an appeal, it is void.

## ERROR to Platte Circuit Court.

STRINGFELLOW *for Plaintiff.*

1st. That the recognizance for the appeal being a record—the plea of *non est factum* was a nullity.
2nd. Its alteration by the Justice did not affect it.
3rd. The Justice had jurisdiction.

HAYDEN, *for Defendant.*

The counsel for defendant in error will insist upon the following points, and rely for their support upon the following authorities:—
1st. That the Justice of the Peace had no jurisdiction of this case, for two reasons: first, because the bond is a penal bond, and required breaches of the condition to be assigned; and because the said Owen was a party before the Circuit Court as security in said bond when

the appeal was adjudged against Knighton, the principal therein,—and that by that judgment the said Owen was and is discharged from liability. See 7th Mo. Reports 264, Wimer vs. Brotherton.

2nd. That the bond was void and not binding on Owen, for two reasons: first, because the same was erased and interlined by the Justice of the Peace without the consent of said Knighton or Owen; and second, because the same was not approved or attested by the Justice of the Peace. See 7 Mo. Reps. 572. Briggs, &c. vs. Bryan, and authorities referred to.

Scott, J., *delivered the opinion of the Court.*

This was an action commenced by Cockrill in a Justices' Court against Owen, on a recognizance of appeal. The recognizance was for the sum of sixty dollars. The cause was taken by appeal to the Circuit Court, where on a trial *de novo* the plaintiff took a non suit.

The Justice who took the recognizance of appeal on which the suit was brought, testified that it was handed to him executed out of his office, and was payable to J. V. Cockrill, the plaintiff, in the suit in which it was taken. He took the recognizance to his office, and on looking at it, thought it ought to have been made payable to the State of Missouri, and erased the name of Cockrill, and interlined over it the words " the State of Missouri,"—that he returned the instrument so altered as the recognizance of appeal, and sent up the appeal. Knighton and his surety, the defendant in this suit, both acknowledged it to him as their recognizance as first taken, in a conversation with them after the same was filed. The recognizance was not tested by the Justice. When the appeal was tried in the Circuit Court in which the recognizance was taken, on which this suit is brought, judgment was rendered against the appellant only, and not his surety, Owen.

The cause was tried in the Circuit Court on the plea of *non est factum,* and the following points were made, namely: 1st. That the alteration of the recognizance by the Justice deprived it of all legal efficacy. 2nd. That it never took effect for the want of an attestation by the Justice. 3rd. That the Circuit Court should have rendered judgment on the recognizance when judgment in the appeal suit was rendered in which the recognizance was taken. 4th. That the instrument sued on was a bond, and required the assignment of breaches, and therefore the Justice had no jurisdiction.

Convenience will be promoted by considering, first in the order of time, the point last raised.

The statute makes the instrument executed by the appellant and his surety, in order to obtain an appeal from a Justice to the Circuit Court,

a recognizance, it is in form a recognizance. It is competent for the Legislature to authorize any officer to take a recognizance. Any thing may be made a recognizance by statute, and what policy is subserved, or what interest promoted in treating an instrument as a bond in a suit upon it, which the Legislature expressly declares shall be a recognizance? The instrument being a recognizance, the plea of *non est factum* was inappropriate in an action upon it; when the validity of such an instrument is denied it should be by a plea of *nul tiel record*.

This, then, being a recognizance, is not within the statute regulating actions on penal bonds. People vs. Relyea, 16 Johns. 153.

It would seem that recognizances of appeal are like bail bonds, replevin bonds, and some others which have been held not to be within the statute requiring the assignment of breaches on penal bonds; but the Courts in such cases have invariably given relief to the defendant without his being compelled to file a bill in equity. 1 Saun. 58, note, a late edition; 3 Wend. 60. Or such relief may be considered within the equity of the statute of 4 Ann. ch. 16, §12, and from which our act was taken. Rev. Code, 781. Lansing vs. Capon, 1 J. C. 617. If the judgment had been entered on the appeal in the Circuit Court, it would have been regulated by the condition of the recognizance, and should it not be in an original action on the instrument? Courts, therefore, in actions on a recognizance of appeal, will enter judgment for the penalty and give relief to the plaintiff according to the condition of the recognizance.

Although judgment might have been entered on the recognizance on the trial in the Circuit Court, yet that does not seem to be the sole remedy. The condition of the recognizance shows that there may be cases, in which the remedy cannot be employed. By the common law, debt and *sciri facias* were concurrent remedies on all recognizances. When the Legislature creates such instruments, those remedies tacitly attach to them, and although another may be given, there is no principle on [which] they can be denied. The law is harmonized by regarding the remedy given on the trial of the appeal as merely cumulative. Had there been evidence that the matter had been adjudged in the Circuit Court, different considerations may have arisen. The *exceptio rei judicatæ* might then have applied. But there is no such evidence.

As to the alteration of the recognizance by the justice. Notwithstanding the alteration, the record is still legible, and that renders a recourse to secondary evidence unnecessary. Had an alteration been made in a bond by a stranger, though in a material part, it would not have affected

it ; nor would it in a record.  Greenleaf, speaking on this subject, says a distinction is to be observed between the alteration and the spoliation of an instrument as to the legal consequences,—the term alteration is at this day usually applied to the act of the party entitled under the deed or instrument, and imports some fraud and improper design on his part to change its effect, but the act of a stranger without the participation of the party interested, is a mere spoliation or mutilation of the instrument, not changing its legal operation so long as the original writing remains legible ; and if it be a deed, any trace remains of the seal.  If by the unlawful act of a stranger the instrument is mutilated or defaced so that its identity is gone, the law regards the act so far as the rights of the parties to the instrument are concerned, merely as an accidental destruction of primary evidence, compelling a resort to that which is secondary.  632.

Another question is, whether the omission of the Justice to test the recognizance, affected its validity.  Formerly, appeals were dismissed for a defective recognizance, and there was no authority in the Circuit Courts to hold on to them and require the recognizance to be perfected.  The appellee has it now in his power to have any recognizance perfected which is in any ways defective.  Yet, under the old law, the Court required the recognizance to be tested by the Justice.  In the case of Nichols vs. The Circuit Court of St. Louis County, 1 Mo. Rep. 254, the Court put the failure by a Justice to attest a recognizance on the same ground with an omission to sign it by the parties, and held that an appeal was rightly dismissed because a recognizance was not signed by the parties ; so in the case of Byrne vs. Thompson, 1 Mo. Reps. 315, which was the case of an appeal from the County to the Circuit Court ; the appeal was dismissed because the bond was not approved as required by law.  See the case of Adams vs. Wilson, decided at this term.  As this was a trial on an appeal from a Justices' Court, where no formal or written pleadings are required ; and· as the parties went to trial by agreement on the plea of *non est factum,* and as this point was raised in the Court below, we do not consider that there is any thing contained in this opinion which prevented the defendant from availing himself of it.

What has been said in relation to the relief afforded by Courts in suits on recognizances of appeal, was said after a full deliberation of the case of Steinback vs. Ex'r of Lisa, 1 Mo. Rep. 163.

The other Judges concurring, the judgment of the Court below will be affirmed.