## STALLINGS *v.* WHITTAKER.

Decided February 27, 1892.

1. *Variance—When immaterial.*

In·an action of slander committed by charging plaintiff to have sworn falsely in a pending case, a variance between the complaint and evidence as to the style of the case is immaterial.

2. *Slander—Instruction.*

Where the complaint in an action for slander alleges that defendant had said that "plaintiff had sworn to a lie," an instruction that it would be sufficient to prove that defendant had used words which amount to such a charge would not be prejudical if the answer admitted that the words complained of were spoken.

3. *Slander—Actionable words.*

It is actionable *per se* at common law to charge one with having committed a felony; and, under section 1814, Mansf. Digest, to charge one with having sworn falsely, whether spoken concerning a judicial proceeding or not.

4. *Slander—Justification.*

The burden is on the defendant to establish the truth of a defamatory charge.

5. *Damages—Absence of malice.*

In an action of slander only compensatory damages can be recovered, including damages for injured feelings, if the defamatory words were spoken without special ill-will or express malice toward the party aggrieved.

APPEAL from *White* Circuit Court.

MATTHEW T. SANDERS, Judge.

*J. E. Gatewood,* for appellant.

The latter part of instruction No. 1 is not the law. The *identical words* must be proven as alleged. Newman, pp. 424, 674; Newell, pp. 804–5, sec. 50; *ib.,* p. 808, notes 21, 22; *ib.,* 807, note 19. Odgers on Libel and Slander, p. 435. It is wrong because it does not instruct the jury that the testimony must be given in a judicial proceeding, and that it was material to the issue. Newman, p. 315; Newell, p. 122, sec. 52; *ib.,* 126. If the testimony was not material to the issue, an action for slander could not be maintained. Newell, p. 127, note 17; 19 Ark., 346. It is wrong, because charging one with swearing to a lie does not necessarily

imply perjury.   Newell, p. 123, sec. 55 ; 12 Ark., 526.   To say "that plaintiff had sworn to a lie," is not *per se* actionable.   Newell, p. 125 ; 24 Ark., 602; Newell, p. 126, note 6; *ib.*, 127.   See also Bish., Non-Cont. Law, sec. 277.

2.   ·The third instruction makes an arbitary rule for the action of the jury, not warranted by law.   If defendant failed to prove his plea, it was simply a failure, and the jury would find for plaintiff, but his evidence should have been considered in mitigation of damages.   Mansf. Dig., sec. 5070; Lawson, Rights and Rem., sec. 1304; Wood's Mayne on Dam., p. 645 ; Field on Dam., p. 533.   All that is necessary is that the proof substantially supports the plea.   Newell, pp. 796, 798.

3.   The sixth instruction is error.   There can be no vindictive or punitive damages without malice, special ill-will or bad intent.   Newell, note 9, p. 845 ; *ib.*, note 12, p. 846 ; Lawson's R. & Rem., sec. 1302; 13 A. & E. Enc. Law, p. 443, note 1 ; 13 Am. St. Rep., 451 ; 2 *id.*, 287; Sedg., Dam., 35 ; Field on Dam., p. 533, sec. 694.   Malice is the gist of the action and the principal element of damage.   Wood's Mayne on Dam., p. 615, and note.   The question of malice is utterly ignored in the instruction.   13 Am. St. Rep., 452 ; 11 *id.*, 65.   Without malice the damages are compensatory merely.   5 Cent. Law Journal, p. 283 ; Newell, p. 845, note 9; *ib.*, 846, note 12 ; 1 Am. Rep., 608.   The seventh is wrong for the same reason.

4.   The instructions asked by appellant correctly embody the law.   There can be nothing but compensatory damages where there is no malice.   Under our code the question of malice is one exclusively for the jury, and is not presumed, and it follows that when no malice is shown or actual damages proven, the damage is merely nominal.   The variance between the *allegata* and *probata* is fatal.   Thompson on Trials, sec. 2260.

*George Sibley* for appellee.

All the material averments, except damages, are admitted ;

there only remained the question of fact to be determined by the jury, did or did not plaintiff swear a lie as stated. The jury found by their verdict in favor of plaintiff, and its finding is sustained by the evidence. Our statute makes the words spoken actionable *per se*, and hence the rule laid down in 24 Ark., 602, is not now the law. Mansf. Dig., sec. 1814; Townshend, L. & S., secs. 367-8. Instruction No. 1 was properly given. Bishop on Non-Contr. Law, sec. 277. To charge one with a crime punishable by indictment is actionable. *Ib.*, sec. 264. The third instruction properly given. Bish., Non-Contr. Law, sec. 289; Townsh., L. & S., p. 598 *n* 1, and p. 602, sec. 359, p. 659, secs. 400, 404; Odgers, L. & S., 169, 174, 176, 274, 485, 542. No evidence of actual damages need be proved when the words are actionable *per se*. Odgers, L. & S., 543, pp. 289, 291, 292, etc. When actual ill will is shown, exemplary or vindictive damages may be awarded. Townsh., L. & S., pp. 520, 521, note 1; 18 Pac. Rep., 668; 6 Hill, 467. Vindictive damages are awarded as punishment against a wrong-doer, and not as a compensation for the injured person. 64 Iowa, 146; Bish., Non-Contr. Law, secs. 275, 310; 2 Sedg., Dam., 336; 13 A. & E. Enc. Law, pp. 433-4, and notes; 1 Sedg., Dam., p. 35, etc.

HUGHES, J. This is an action for slander, in which the plaintiff charges in his complaint that the defendant maliciously and falsely charged him with having sworn falsely when giving evidence as a witness on a trial before a justice of the peace. For defense to the action, the defendant in his answer says that he is not guilty. He denies malice, evil design, intention to injure the plaintiff or deprive him of the means of earning a livelihood. He denies that the plaintiff was damaged by reason of the speaking of the words, and pleads justification. The jury returned a verdict for the plaintiff in the sum of $1000. A motion for a new trial was filed and overruled. Defendant excepted and appealed, having saved exceptions to the giving of instructions one, three, six and seven, the giving of which were in-

sisted upon, in the motion for a new trial, as a ground for reversal of the judgment.

The defendant's plea of justification is as follows : " And defendant says that plaintiff did swear and testify falsely in regard to a material fact testified to by him on trial of said cause named in his complaint, except the style, and upon said trial said plaintiff (meaning defendant in that case, Whittaker) offered himself as a witness in his own behalf, and was then duly sworn according to law to speak the truth, the whole truth and nothing but the truth, in the case in question in said suit, said justice of the peace, F. M. Robinson, administering to him said oath, and then and there having sufficient and competent power and authority to administer the said oath to plaintiff in that capacity, and it was material in said trial to ascertain what was the consideration of said note, or for what it was executed, and the plaintiff being duly sworn as aforesaid upon the trial aforesaid, and upon his oath aforesaid, did then and there upon said trial on said day falsely, wickedly, maliciously and corruptly and by his own act and consent, say, depose and swear and give the jurors sworn to try said cause and the court to understand that said note was not given or executed for merchandise, but for the release of a cow which L. C. Stallings, one of the plaintiffs, had in his possession belonging to his co-defendant, A. N. Waller, which testimony of plaintiff was false and untrue. Wherefore defendant at the time alleged did charge plaintiff with having sworn a lie upon the trial, and says it was lawful for him to do so because the said charge was true."

The admissions in this plea of the jurisdiction of the justice of the peace who tried the cause in which the plaintiff is charged to have sworn falsely, and that the testimony in which the false swearing occurred was material, and that the defendant did charge the plaintiff with having sworn a lie on the trial as charged in the complaint, except as to the style of the cause in which the testimony was given, leave nothing

1. Variance as to style of case immaterial.

S C—32

to be considered by this court save the questions of law which arise upon the instructions given by the court.

The variance between the statement of the style of the case before the justice of the peace in the complaint, and the style of the case as shown by the evidence, is not material. It is unsubstantial, and could have worked no prejudice to the defendant. Mansf. Dig., sec. 5075 ; *Clements* v. *Maloney*, 55 Mo., 352.

2. When instruction not prejudicial. The first instruction given is as follows: " If the jury find, from the evidence or the admissions of the defendant in his answer, that the defendant, on or about the day named in the plaintiff's complaint, did, in the presence of divers persons or even one person, say of and concerning the plaintiff such words as are set forth in the complaint, ' that the plaintiff had sworn to a lie,' or used such words as amount to charging the plaintiff with swearing falsely, or with having sworn falsely, or did utter or publish words of or to or concerning the plaintiff, which in their common acceptation would amount to such a charge, the words are actionable of themselves, and no special damage need be ·proven, and you will find for the plaintiff. And the words spoken by the defendant of and concerning the plaintiff are to be taken to mean what it is apparent the defendant intended them to mean according to the common understanding of language in its common acceptation and use."

We are of the opinion there was no error in this instruction. The first part of it is admitted by counsel for the appellant to be correct. The appellant says the latter clause is erroneous, because the plaintiff is required by law to prove the identical words importing the slander, as they are charged in the complaint; that similar words or words of similar import will not satisfy the rule. If we concede the proposition to be correct, which we do not concede, still the plea of justification admits that the words were spoken as charged—only denying that the style of the case in which the plaintiff testified before the justice of the peace as stated

in the complaint is the same as that shown by the evidence, which we have said was not material, etc.

The plea admits that the words were spoken of and concerning the testimony given by the plaintiff on the trial of a cause before a justice of the peace.  The charge that the plaintiff swore falsely in his testimony, which was material to the issue to be tried, on the trial of the cause by a justice of the peace who had jurisdiction of the cause in which the plaintiff was sworn to testify, is a charge of perjury committed in a judicial proceeding.  But since the decision in the case of *Knight* v. *Sharp*, 24 Ark., 602, section 1814 of Mansfield's Digest has been enacted, which provides: "It shall be deemed slander, and shall be actionable, to charge any person with swearing falsely, or with having sworn falsely, or for using, uttering or publishing words of, to or concerning any person which, in their common acceptation, amount to such charge, whether the words be spoken in conversation of and concerning a judicial proceeding or not."

*3. What words are actionable per se.*

Therefore it is no longer necessary, as held in the case of *Knight* v. *Sharp*, 24 Ark., *supra*, to aver in the complaint or prove that the testimony alleged to be false swearing was given in a judicial proceeding.

There could be no doubt as to the meaning of the words spoken by the defendant concerning the testimony of the plaintiff, or as to how they were understood by those who heard them.  Words which charge the plaintiff with a felony are actionable *per se.*  We find no error in the first instruction.

That part of the third instruction to which appellant objects is (after setting out the words spoken by the defendant) as follows:  "Which statement the defendant admits making and pleads the truth of the statement in justification.  In order to maintain this plea, the defendant must prove to the satisfaction of the jury by a preponderance of evidence that the plaintiff swore falsely upon the trial referred to.  The evidence must be such as to satisfy your minds that the

*4. Onus on defendant to justify*

plaintiff was guilty of swearing falsely as stated by the defendant. And if the defendant fails to prove his statement that Whittaker swore falsely to be true, the jury must take it to be false."

The defendant's counsel objects to only the latter clause of this instruction, in which we find no error, as the burden of proving the truth of the defendant's charge against the plaintiff rested upon the defendant. The law presumed the falsity of the charge ; and if the defendant failed to establish its truth, the jury were obliged to take it to be false. Odgers on Libel and Slander, 169 ; Lawson's Rights and Rem., 3d vol., sec. 1280.

The sixth and seventh instructions are as follows :

**5. Damages where there is no malice.** Sixth. " The jury are instructed that in estimating the damages the plaintiff has sustained, they are not confined to compensatory damages, but may be allowed to find for plaintiff vindictive or punitive damages, and in arriving at their verdict they are instructed that pain and mental suffering caused by the malicious slander of the plaintiff by the defendant are among the elements of damage for which plaintiff may recover."

Seventh : " If the jury find for the plaintiff, they will assess his damages at any sum not exceeding $20,000, the amount claimed by the plaintiff. No rule of compensation is fixed ; the jury are the judges of the amount of damages the plaintiff has sustained by reason of the defamatory words of the defendant, but this does not mean actual and ostensible damages, but such damages as will fully and adequately compensate the plaintiff for the wrong and injury, mental suffering and mortification that the plaintiff has sustained and at the same time vindicate his character and punish the defendant."

The jury may award only compensatory damages, but can not award vindictive or punitory damages, without proof of express malice. Malice may be shown by the words of the libel itself and the circumstances attending its publication, and need not be proven by extrinsic evidence. Whether

there exists express malice is a question of fact for the jury. Whether words are actionable *per se*, is a question of law for the court. Punitory damages should be awarded in an action of slander only when in speaking the slanderous words the defendant was actuated by special ill-will, bad intent or malevolence toward the plaintiff. Such special ill-will or express malice may be inferred from all the circumstances of the case, but it is not to be inferred from the facts alone that the words are false and injurious to the plaintiff, although malice is implied from these facts. *Templeton* v. *Graves*, 59 Wis., 95 ; *Columbus etc., Ry. Co.* v. *Bridges*, 11 Am. St., 65, note ; *Newman* v. *Stein*, 13 Am. St., 451 ; Newell on Defamation and Slander, p. 845, *n* 9 ; 3 Lawson's Rights and Rem., sec. 1302.

The words spoken in this case charged the plaintiff with the commission of a felony, and are actionable *per se*. *Prima facie*, the law implies malice from the speaking of the words, but this implication or presumption may, under proper pleadings, be rebutted by evidence. And if so rebutted, the action is not thereby defeated, but the right to recover exemplary damages is defeated by such evidence. In such a case the plaintiff can recover only actual or compensatory damages. They may be recovered, unless the words complained of are privileged, although the defendant may have spoken such words honestly and without malice, as the gravamen of the action is the injury to the reputation of the plaintiff. Injured feelings is an element in estimating compensatory damages. *Snyder* v. *Fulton*, 34 Md., 138 ; Newell on Defamation and Slander, 847, sec. 13 ; Odgers on Libel and Slander, 289, 291 and 292 ; *Rogers* v. *Henry*, 32 Wis., 334.

As instructions six and seven given in this case seem to take from the jury the determination of the question whether there was actual or express malice, they are in this respect erroneous.

The judgment is reversed, and the cause is remanded for a new trial.