J. C. CRIST, Respondent, v. D. M. SMITH, Appellant.

Kansas City Court of Appeals, May 4, 1896.

1. **Justices' Courts:** RECOGNIZANCE FOR APPEAL: WHERE SIGNED. In order to perfect an appeal from a justice's court it is not necessary that the appellant and his sureties should enter into recognizance before the justice, but it is sufficient that they sign the bond and lodge it with the justice within the statutory time.

2. **Definitions:** RECOGNIZANCE: BOND. Strictly speaking a recognizance is an obligation of record entered into before a court with condition to do some particular act; but recognizance and bond are terms used interchangeably in latter day legislation.

3. **Justices' Courts:** APPEAL: BOND. If an appeal bond is insufficient the circuit court should require additional bond, or in default thereof may dismiss the appeal.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*William Aull* for appellant.

(1) The court erred in dismissing the appeal because the recognizance was not signed in the presence of the justice. R. S. Mo. 1889, sec. 6328. The court was, in its decision, controlled by the cases of *Cockrill v. Owen*, 10 Mo. 287; *Adams v. Wilson*, 10 Mo. 341. These decisions construed the statutes as they existed prior to 1855. R. S. 1845, p. 678, sec. 3; R. S. Mo. 1889, sec. 6328; R. S. 1845, p. 678, sec. 4. (2) The general voluntary appearance entered by respondent in the circuit court waived objections to recognizance.

*Wallace & Chiles* for respondent.

(1) "A recognizance is an obligation of record, which a man enters into before some court of record or magistrate duly authorized, with condition to do some particular act; as to  *  *  *  pay a debt or the like." Vol. 1, book 2, Black, Com. [Chitty Ed. 1847], p. 275, s. p. 341. This point is expressly decided by the supreme court. *Cockrill v. Owen*, 10 Mo. 287. This decision was made under the Revised Statutes, 1845, but the language of the statute then is the same as it is

now. R. S. 1845, sec. 3, p. 668; *Adams v. Wilson*, 10 Mo. 341. These two decisions in the 10 Mo. have never been reversed. (2) The appellant tries to avoid the effect of his worthless recognizance, by claiming that the entry of appearance by respondent waived these objections. A strange position, that the respondent by coming into the circuit court, and availing himself of the only way pointed out to raise objections to the recognizance, should by so doing waive the objections themselves!

GILL, J.—Plaintiff recovered a judgment against defendant before a justice of the peace. In due time defendant lodged with the justice his affidavit and bond for appeal. The justice filed these papers, indorsed his approval on this bond, and allowed the appeal. In the circuit court, plaintiff moved the court to dismiss the appeal on the ground (among others), that the appeal recognizance, taken by the justice, was void and insufficient, because not entered into before the justice by the principal and surety.

In support of the motion, it appeared that defendant, at the time, resided in Kansas City; that he sent the appeal bond in proper form and signed by himself and surety, to Lexington, to be filed with the justice. In due season the bond was presented to the justice, who at once filed the same and indorsed his approval. Neither the defendant nor surety appeared before the justice when the bond was filed and approved. The court sustained the motion to dismiss the appeal, "for the reason," as stated it the record, "that the recognizance filed with the justice of the peace was not entered into before said justice by principal or surety therein," and defendant appealed.

We can not approve the ruling of the circuit court. It was there, in effect, held that an appeal bond from

a justice's court is only valid when the appellant shall, *in person, with his sureties* appear before the justice, and there, in his presence, sign the bond, or recognizance. I undertake to say that such has not been the understanding of the bench and bar; that it has been the uniform practice by the profession in this state to have the appellant and his sureties sign the appeal bond, which would be taken by the appellant, his attorney, or other agent, to, and deposited in, the justice's court; and this, when filed and approved by the justice, answered the requirements of the law.

The demand of the statute is (section 6328), that "the applicant (for appeal), or some person for him, together with one or more solvent sureties, to be approved by the justice, must, within the time prescribed, etc. * * * enter into a recognizance before the justice to the adverse party," etc. *Recognizance* is here used in the same sense as *bond;* the technical, common law recognizance was not intended. Strictly speaking, a recognizance is an obligation of record, entered into before a court or authorized officer, with condition to do some particular act—as to keep the peace, appear at court, or pay a debt. 2 Black. Com. 341. In such instances it was not customary for the cognizor to sign anything; it was the *record* that witnessed his obligation and bound him. But recognizance and bond are terms used interchangeably in latter day legislation. This is manifested in a late amendment to said section 6328, a portion of which we have quoted. In 1885, this clause was added: "Provided that the affidavit and *bond for appeal* filed shall be taken," etc. When the appellant shall deposit, or cause to be lodged with the justice, a bond (or recognizance) signed by such appellant (or some person for him), together with one or more sureties

approved by said justice, then such bond, if in proper form and sufficient amount, will be deemed the entering into a "recognizance before the justice."

The rulings of the supreme court in *Cockrill v. Owen* (10 Mo. 287), and *Adams v. Wilson* (10 Mo. 341), do not sustain the action of the lower court in dismissing defendant's appeal. At the time those cases were decided, the statute provided that "such recognizance must be signed by the parties entering into the same, and be *attested* by the justice." R. S. 1845, p. 668, sec. 4. Hence it was held that the bondsman and his sureties must sign the same before the justice, because he was required to *attest*—that is, to *witness*— their signatures. But in 1855 this clause of the statute was amended by striking out the word "attested" and inserting "approved" in its stead, so that it has since read: "Such recognizance must be signed by the parties entering into the same, and be *approved* by the justice." 2 R. S. 1855, p. 972, sec. 4. It would seem that the very purpose of this change of a single word in the law was to avoid this unreasonable and unnecessary performance of appellants in forcing them to go in person to the office of the justice and in his presence sign the appeal bond.

If the defendant's appeal bond is insufficient in amount, or the sureties not solvent, then the circuit court should require additional bond, or new sureties; or, in default thereof, may dismiss the appeal. But we hold it was error to dismiss the appeal for the reason assigned in the order.

Judgment reversed and cause remanded. All concur.