G. W. BALDWIN, Respondent, v. GREEN BOULWARE, Appellant.

Kansas City Court of Appeals, February 20, 1899.

1. **Slander** : EVIDENCE: UTTERANCE BY OTHERS. In actions for slander evidence proving that the defamatory words were spoken by others is inadmissible either in justification or mitigation.

2. ———: SPOKEN ON AUTHORITY OF OTHERS: PLEADING: EVIDENCE. The defendant may plead in mitigation that the slanderous words were spoken on the authority and information of others and that at the time of speaking the words he gave the names of such others, but without such allegations evidence of such facts are inadmissible.

3. **Evidence** : CONVERSATIONS OUT OF THE PRESENCE OF DEFENDANT. Conversations occurring in an attempt to induce a material witness to absent himself from the state are on the facts in this case admissible though they occurred in the absence of the defendant and related in part to a similar action against defendant's brother.

4. **Slander** : EVIDENCE: BELIEF OF NEIGHBORS. The belief of neighbors that the plaintiff is guilty of the slanderous charge is inadmissible under the answer in this case.

5. ———: IDENTICAL WORDS: INSTRUCTION: OTHER INSTRUCTION. An instruction relating to the identical words is properly refused when covered by other instructions already given.

6. ———: DAMAGES: INSTRUCTION. In actions for slander damages are not limited to compensation for injury to the character and reputation, but mental suffering is likewise an element for the consideration of the jury, and an instruction excluding this last was properly refused.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

TIMMONDS & TIMMONDS for appellant.

(1) The defendant may show facts and circumstances and the information on which he based his opinion, to dis-

prove malice and mitigate the punitive damages. Lewis v. Humphries, 64 Mo. App. 466. General rumors, or a general suspicion, that plaintiff is guilty of the act imputed, may be given in evidence in mitigation of damages. 13 Am. and Eng. Ency. of Law, p. 440. (2) The court committed error in permitting witness Guffy to give in evidence a conversation between himself and the defendant, relative to another case pending between Baldwin and a brother of this defendant. Defendant had not yet been on the witness stand; and, even if he had, his conduct or conversations relative to his brother George's case would not be admissible for the purpose of impeaching him; and the matter proven could not be material or competent for any purpose as affecting the issues in the case on trial. (3) Immediately following the error complained of under second point, connected therewith and giving emphasis thereto, the court committed another error by allowing the same witness, Guffy, to give in evidence a conversation between himself and Mrs. Kate Hesford, in the absence of the defendant. This being the purest sort of hearsay, and being erroneously admitted, the law presumes it to have been prejudicial to defendant. Clark v. Fairley, 30 Mo. App. 335; Bindbeutal v. Railway, 43 Mo. App. 463. (4) Immediately following the errors complained of under second and third points, connected therewith and giving emphasis thereto, the court allowed Mrs. Kate Hesford to give in evidence a conversation between herself and Mr. Guffy, in the absence of the defendant. (5) The court committed error in refusing to allow defendant to show that he was not alone in the honest belief among the plaintiff's neighbors, at the time of the alleged slanders, that plaintiff had set fire to his own house. This fact was admissible as going to effect the amount of punitive damages. Lewis v. Humphries, 64 Mo. App. 466; 13 Am. and Eng. Ency. of Law, p. 440. The court committed error in refusing defendant's instruction number 8. The law gives

no remedy for outraged feelings or sentiments. Townshend on Slander, secs. 200, 391; 3 Sutherland on Dam. 715; 2 Greenl. on Ev., sec. 267.

GRAVES & CLARK for respondent.

(1) Mere reports, rumors or suspicions are not admissible. Blackinstaff v. Perrin, 27 Ind. 527; Scott v. Sampson, 8 Q. B. Div. 491; 13 Am. and Eng. Ency. of Law, pp. 440, 441. Even general, current reports and rumors are not admissible in mitigation of damages. Gray v. Ellzroth, 37 N. E. Rep. (Ind.) 551; Edwards v. Print. & Pub. Co., 34 Pac. Rep. 128; Blackwell v. Landrith, 19 S. E. Rep. (Va.) 791. Even as to the admission of general, current rumors and reports of long standing in the community, the evidence is as often disallowed as it is allowed. Hale on Dam., p. 112; 13 Am. and Eng. Ency. of Law, p. 440, note 6, 2d column, beginning with case of Sheahan v. Collins, 20 Ill. 325. Testimony as to common reports is not permissible. Anthony v. Stephens, 1 Mo. 254; Moberly v. Preston, 8 Mo. 462-466; Arnold v. Jewett, 125 Mo. 241; Larrabee v. Tribune Co., 30 N. W. Rep. (Minn.) 462; Printing Co. v. Mosman, 24 Pac. Rep. (Col.) 1051. (2) Evidence tending to show the suppression, or an attempt at suppression, of the testimony is always competent. Gillett's Indirect and Collateral Evidence, sec. 13, p. 14, and case cited under note 1; Underhill on Crim. Ev., p. 153, sec. 121; Underhill on Crim. Ev., p. 146, sec. 115 et seq. (3) Under the rule in this state, and in many others, common report, general rumor or general discussion, is neither competent evidence either in justification or mitigation. Anthony v. Stephens, 1 Mo. 254; Moberly v. Preston, 8 Mo. 462-466; vide, authorities under point I. But in addition to this, none of this matter is pleaded by way of mitigation. The matters relied upon in mitigation must be pleaded. Acts of 1891, p. 70, 71. (4) There was no error in refusing instruction number 6. The instruction

given covered every feature of the case.    (5)    Defendant's instruction number 8 was properly refused.    Mental feelings or anguish is a proper matter for the jury to consider in estimating damages and in this the instruction is in error. Newman v. Stein, 75 Mich. 402-407; Scripps v. Reilly, 38 Mich. 10; Hale on Damages, p. 99, and long list of recent cases there cited; Callahan v. Ingram, 122 Mo. 355.

SMITH, P. J.—This is an action of slander wherein the petition was in two counts, in each of which the words alleged to have been spoken, as the basis of the action, were slanderous *per se* and imputed to the plaintiff the crime of arson.

The answer was a general denial accompanied with a plea in mitigation, to the effect that defendant had good reason to believe that plaintiff set fire to his dwelling house and therefore the words alleged to have been spoken by him were spoken in good faith in the belief that the same were true. There was a trial in which plaintiff had judgment and defendant appealed.    The defendant assails the judgment on the ground that numerous errors were committed by the trial court in its action admitting and rejecting testimony and in refusing instructions requested by him.

The defendant insists that the court erred in rejecting his offer to show that at and about the time of the utterance of the alleged slanderous words by him that SLANDER: evidence: utterance by others. that subject-matter of the same was "one of general comment among the people and that he had heard responsible and reliable citizens of his neighborhood give expression to their judgment and belief in the premises as a circumstance together with other circumstances justifying the defendant in coming to an honest belief that the plaintiff had been guilty of setting fire to his house."    It has been thrice ruled by the supreme court of this state that in actions of slander evidence proving

that the defamatory words were spoken by others was inadmissible either in justification or mitigation. Anthony v. Stephens, 1 Mo. 254; Moberly v. Preston, 8 Mo. 462; Buckley v. Knapp, 48 Mo. 152.

But while this is true, it seems that a defendant, in actions of this kind, may plead in mitigation that the slanderous words were spoken on the authority and information of others and that at the speaking of the words he gave the name of such others. In Church v. Bridgman, 6 Mo. 190, it was held that this plea was good, and that evidence was admissible under it. Judge Napton who wrote the opinion in the case distinguishes it from Anthony v. Stephens, *ante.* But in the present case there is no plea which would justify the admission of evidence of the kind which the court rejected. Edwards v. Printing Co., 99 Cal. 431; Bronson v. Briscoe, 59 Mich. 475; Mozey v. Association, 123 N. Y. 207; Hillman v. Shanklin, 60 Ind. 424; Republican Pub. Co. v. Mosman, 15 Col. 399; Larrabee v. Minn. Tribune Co., 36 Minn. 141.

*— : spoken on authority of others: pleading: evidence.*

The plea in this case is unlike that in Lewis v. Humphries, 64 Mo. 466. The rule there applied can have no application to a case where the pleadings are as here.

The defendant further objects that the court erred in permitting the witness Guffy to testify to the conversation which took place between him and George Boulware, the brother of the defendant, against whom there was pending another action for slanderous words uttered by him in relation to. the loss of the same building by plaintiff to which the slanderous words in the present case relate. And in further permitting the witness Guffy and Mrs. Hesford to testify as to conversations which took place between them in respect to the request made by George

*EVIDENCE: conversations out of the presence of defendant.*

Boulware to said Guffy.   It appears from the testimony of the witnesses just referred to that Mrs. Hesford had been subpoenaed for the plaintiff in the slander suits which plain-tiff had brought against each of the Boulware brothers. And that the defendant requested the witness Guffy to see Mrs. Hesford and ascertain whether she could not be induced to leave the state so as to be absent at the time she was required by the subpoena to attend the court.   Guffy accord-ingly did see Mrs. Hesford and made of her the inquiry sug-gested by the defendant.

It further appears that Mrs. Hesford would testify that she saw a streak of lightning come down on the top of the plaintiff's house at the time it took fire and was destroyed. When these conversations referred to took place the defense, relied on in the answer in each of the slander suits, was that of justification and for that reason the testimony of Mrs. Hesford was very material.

It seems to us that even if it were true that the conversa-tion between Guffy and Mrs. Hesford was carried on in the absence of the defendant, yet it was of such a character as rendered it admissible.   The defendant's request was as much in his own interest as in that of his brother.   The issues involved in both suits were then the same and both were on the docket of the court for trial.   The evidence discloses an attempt to induce a witness, whose testimony was material for plaintiff, to absent herself from the state. It was unquestionably an attempt on the part of the defend-ant to suppress material evidence for plaintiff.   It was not error to admit the testimony to which the defendant's objec-tions relate.   Gillett's Ind't & Col. Ev., sec. 13; Underhill on Crim. Ev., sec. 121; Moriarty v. Railway, 5 L. R. 2 B., 314.

The defendant further complains of the action of the court in rejecting his offer to prove that it was the belief of

Baldwin v. Boulware.

the plaintiff's neighbors that he had set fire to his own house. This proof, as has been seen from what has already been said in a previous paragraph hereof, was inadmissible under the pleadings. There were some further objections taken by defendant to the action of the court in relation to the admission and rejection of testimony but these have been examined and found without merit.

SLANDER: evidence: belief of neighbors.

The defendant further objects that the court erred in refusing the sixth instruction requested by him which was to the effect that the plaintiff could not recover unless he proved substantially the same identical words alleged in his petition. It is a sufficient answer to this objection to say that instructions number 1 and 2 given for plaintiff were similar in effect. No error is perceived in the action of the court in refusing the defendant's seventh instruction for the reason that other instructions given by the court substantially covered the same ground.

——: identical words: instruction: other instruction.

The defendant further complains of the action of the court in refusing his eighth instruction which declared that although the jury found the issues for plaintiff still he was not entitled to any damages on account of mental anguish or feelings, if any, nor on account of loss of business, if any, and in estimating his damages, they should not allow him anything on account of either. The only compensatory damages which the law allows in slander suits of this kind are limited to injury to character or reputation. There seems to have been no claim made for damages on account of loss of business. We think it is very well settled by modern adjudications that mental anguish or wounded feelings are proper elements for the consideration of the jury in estimating the damages in an action for slander where the words on which the action is based are actionable *per se*.

——: damages: instruction.

State ex rel. v. Ennis.

We have been unable to find any case in this state where the question has been considered, but elsewhere the cases supporting the statement of the law just made by us are quite numerous.   Zeliff v. Jennings, 61 Tex. 458; Stallings v. Whittaker, 55 Ark. 494; Adams v. Smith, 58 Ill. 419; Markham v. Russell, 12 Allen, 573; Lombard v. Lennox, 155 Mass. 70; Blumhardt v. Rohr, 70 Md. 328; McDougald v. Coward, 95 N. C. 368; Foster v. Thomas, 21 Conn. 285; Newman v. Stein, 75 Mich. 402.   There are cases to the contrary, notably that of Prince v. Eastwood, 45 Iowa, 640; but we think the most recent and best considered cases hold that the damages in actions of slander are not limited to compensation for injury to character or reputation but that mental suffering is likewise an element for the consideration of the jury in estimating the damages.

Accordingly we are of the opinion that the court committed no error in the trial of the cause of which the defendant can complain and therefore the judgment must be affirmed.   All concur.