BLAOXFORD, J.
Two actions of debt were brought by • *484 Stone against Daniels before a justice of the peace. One of the suits was on a sealed note for the payment, one day after date, of $8(5.00; and the other, on a note for $14.00, payable one day after date. The justice gave judgment in each case for the plaintiff; and the defendant appealed. In the Circuit Co.urt, the plaintiff obtained judgment for the amount due oii the notes.
One defense made to the suits was, that the notes sued on were given in consideration of two lots of land, for which the plaintiff was to make the defendant a title so soon as full payment should be made and the deed demanded; and that no conveyance of the lots had been made, or offered to be made, before the. commencement of cither of the suits. This defense was insufficient. The plaintiff had a right to sue on the notes after they became due, without having made, or offered to make on receiving the purchase-money at the same time, a deed for the lots, unless the deed had been demanded.
Another defense was, that the plaintiff, at the time of the sale, represented to the defendant that there was an alley on one side of the lots; and that the plaintiff had since conveyed to a third person the land adjoining the lots and embracing the alley. In-support of this defense, the defendant proved the representation as to the alley, and that there was on record the plaintiff’s plat of the lots, showing the existence of the alley. He then offered in evidence the record, in the recorder’s office, of a deed to a third person for the land adjoining the lots and embracing the alley, without accounting for the absence of the original deed. This evidence was objected to and the objection sustained.
The record of the deed in this case was, according to what is said in Bowser v. Warren, 4 Blackf., 522, admissible *evidence, if it was material in the cause. But it could not be material, if made subsequently to the recording of the plat on which, according to the defendant’s evidence, the alley was designated, because it could not, in that case, vacate the alley. And as the record of the cause does not inform us when the conveyance in question was made, wo *485 must presume, in favour of tbe opinion of tbe Court, that il was not made until after the plat was recorded.
C. B. Smith, for the plaintiff.
C. H. Test, for the defendant.
Tbe judgment is objected to because tbe Court consolidated the suits; but there is no ground for this objection.
Per Curiam.—The judgment is affirmed with 5 per cent. damages and costs.