## CRACRAFT, by his next friend, v. COCHRAN.

1. PLEADING: DUPLICITY: ELECTION. A party pleading double has the right, under § 2903 of the Revision of 1860, to elect to rely upon one of two causes of action set out and have the others stricken out, *or* to re-divide the count or division complained of; and an order of the Court, directing a party to stand upon one cause of action set out in one count of the petition and strike out the others, without giving him the alternative to re-divide, was erroneous.

2. SLANDER: CAUSE OF ACTION. The entire conversation in which slanderous words are published, constitutes but one cause of action, and can properly be made the basis of but one count in a petition, notwithstanding it may set out several distinct charges, either of which is actionable.

3. SAME: EVIDENCE. While it is sufficient for the plaintiff in an action of slander to prove only that portion of the conversation complained of which clearly sets out a cause of action; both the plaintiff and defendant may prove the entire conversation for the purpose of showing the *quo animo.*

*Appeal from Tama District Court.*

WEDNESDAY, JUNE 9.

THE facts are sufficiently stated in the opinion.

*Allen & Struble* for appellant.

*Wm. H. Stivers* for appellee.

COLE, J.—Action for slander. The petition states in substance, that on the 15th day of October, 1862, the defendant spoke of, and concerning the plaintiff, these false and defamatory words, to wit: "He broke into my store last night; he broke into my store last night, and stole ten dollars. I had shut up my store and had gone down street a piece; I then returned and went into the store, and I found him there; he had broken in the back window, and I missed ten dollars from the drawer. Young Cracraft broke into my store, and I missed ten dollars. Young Cracraft broke into my store last night and stole ten dollars. Young Cracraft broke into my store, and there are ten dollars gone. When I went into the store, he was standing, with the money drawer in his hand, and had taken ten dollars," &c., &c., all being stated in one count. The defendant moved that the plaintiff be ordered to elect on which part of the first count he will stand, and that the rest may be stricken out; because said first count is double, and contains more than one cause of action. The Court sustained the motion, and plaintiff excepted and re-

fused to elect, and thereupon judgment was rendered against him for costs, from which he appeals.

The defendant relies upon the following section of the Revision to sustain his motion: "§ 2903. If the matter of the petition, answer or reply, is not put into distinct counts or divisions, and numbered as herein contemplated, or if one such division contains in the petition more than one cause of action, or if one division in the answer contains more than one affirmative defense, or set-off, or counterclaim, or cross-demand, or if one division in the reply contains more than one affirmative defense to any set-off, counterclaim, or cross-demand, the party so neglecting to divide and number, may, on motion, be ordered to divide and number, and the party so pleading double, in the contemplation of this section, may be, on motion, ordered to elect on which part of such double count or division he will stand; and to strike out the rest of it, or to re-divide such count or division made bad by such duplicity."

The appellant claims, that his petition contains but one cause of action, and that the count is not double, for that it contains but one conversation or discourse made at one and the same time and place, and to the same persons.

When a pleading comes within the meaning of § 2903, quoted above, the right of election, as to which alternative of the action to be had under said section, belongs to the party making the pleading, and not to the party assailing it. That is, the pleader has the right to elect on which part of such double count or division he will stand, and to strike out the rest of it, or to re-divide such count or division. But the count below gave to the party assailing the pleading, his election of the alternatives, by sustaining the motion and ordering the plaintiff to stand upon a part and strike out the rest, without permitting him to choose the alternative of re-dividing such count. This was error.

Again, the petition avers, that the words were spoken

Cracraft v. Cochran.

on a particular day named, and then goes on to detail the words as having been spoken in the same connection, and for the publishing thereof claims damages. It is true that the words set out in the petition charge the plaintiff, in effect, with two offenses, one of store breaking (Rev. § 4235), and the other of larceny (Rev. § 4237); but such charges were, as appears by the petition, made in the same conversation and at the same time, and of course gave but one right of action. It is well said by Strong J., in *Secor and others v. Sturgis and others*, 16 N. Y., 548, that "in the case of torts, each trespass, or conversion, or fraud, gives a right of action, *and but a single one, however numerous the items of wrong or damage may be.*"

Under this rule, it matters not how numerous were the offenses charged in the same conversation; they, together, constitute but one cause of action. A plaintiff could not sue and recover for one of the slanderous charges specified, and then bring another action for another of the slanderous charges made in the same conversation; for the reason that he has but one cause of action growing out of the same conversation, although the items of slander were numerous. To allow a party thus to bring several actions for the same slanderous course, would be to sanction the splitting of actions, which both the common law and the Code prohibits.

Each count or division of the petition should, of itself, contain a complete and distinct cause of action. Rev., §§ 2875, 2934, 2935. It follows, therefore, that the conversation or slanderous discourse set out in the petition, being but one and the same conversation, could not properly form the basis of two distinct counts, since the plaintiff has but one cause of action therefor. The plaintiff need not, necessarily, set out the whole conversation, or prove all the conversation as set out in his petition; it is sufficient if he set out or prove so much thereof as constitutes

the charge of one criminal offense; but he may set out and prove the whole, or an actionable part thereof; or the defendant may prove not only that portion of the conversation set out, but he, as well as the plaintiff, may go further, and prove all the conversation occurring at the same time, for the purpose of showing the *quo animo* it was published. 1 Chitt Plead., 405; 1 Starkie on Slander, 374. In our view, the petition contains but one cause of action, and the motion of defendant should have been overruled. The judgment below is, therefore,

Reversed.