MARSHALL and another vs. THE MILWAUKEE & ST. PAUL RAILROAD COMPANY.

*Second appeal, when first dismissed for want of prosecution.*

1. An appellant whose first appeal has been dismissed for want of prosecution, may take a second within the time allowed by statute for appealing.

2. Such second appeal being of legal right, this court, on a motion to dismiss, will not inquire into the motives of the party in taking it.

APPEAL from the County Court of *Milwaukee* County.

*Wells & Brigham*, for the motion.

*John W. Cary, contra.*

COLE, J.   This is a motion to dismiss an appeal for the reason assigned in the motion, that an appeal heretofore taken by the appellant has been dismissed by the court for want of prosecution thereof, and because the appeal is taken for the purpose of delay.   The affidavit of Mr. Brigham, read in support of the motion, states that the judgment appealed from was recovered on the 12th day of December, 1865, on which an execution against the property of the defendant was issued on the 26th day of December, 1865, and persons were summoned as garnishees to answer on the 6th day of January, 1866, and on that day the defendants appealed to this court, and duly perfected the appeal by giving an undertaking to stay all proceedings upon the judgment; that the appeal was, on or about the 15th day of June, inst., dismissed under the rules of this court, for want of prosecution, the appellant having neglected to cause a return to be filed in this court, and also having neglected to serve copies of the printed case as required by the rules.   The present appeal was perfected on the 19th of June, inst.   Some other matters are stated in the affidavit accompanying the motion, which we suppose are introduced for the purpose of showing a want of diligence in prosecuting the appeal first taken, and that the present one is taken for the

purpose of vexation and delay.    In disposing of this motion, however, we shall confine our attention exclusively to the point, whether the appeal first taken was a bar to a further appeal by the same party within the time prescribed by the statute, without stopping to inquire whether the affidavits show that the second appeal is brought for the purpose of vexation and delay.    For if the right to a second appeal exists, it might be questionable whether the court should consider the motives of a party availing himself of a legal right.

Was, then, the first appeal taken a bar to bringing another appeal?    We are disposed to hold that it was not.    The first appeal was dismissed under the rules of this court, because the appellant had not caused a proper return to be filed, and also had neglected to serve his printed cases.    It will be borne in mind that the record was never in this court, but remained in the court below until the second appeal was taken.    An appeal now, in a common law case, performs the office of a writ of error under the old practice.    The former statute (R. S. 1849, chap. 104, sec. 11), as well as the present one (chap. 139, sec. 36), permitted a second writ of error on dismissal of the first; and in analogy to this practice, we are inclined to hold that a party may take a second appeal when the former has been dismissed under the rules.    We were not referred to any provision of our statute, nor to any decision, which shows that the appellant has lost his right to a second appeal by a dismissal of the first under such circumstances.    But on the contrary, so far as we have been able to find authority bearing upon the point, it tends to sustain the view we have just expressed.    In Voorhies' Code, 8th edition, p. 638, note " g," it is said that a voluntary dismissal or abandonment of an appeal is no bar to a further appeal by the same party within the time prescribed by statute.    The case of *Crafts vs. Ives* in the Court of Appeals, October, 1852, is referred to in support of this position.    That case, however, I have not been able to

find in the reports of New York. In *Langley vs. Warner*, 1 Comstock, 606, Judge BENSON clearly intimates that a prior ineffectual appeal was no bar to a second one. *Kelsey vs. Campbell*, 14 Abb., 368 and 38 Barb., 238, is to the same effect. In *Martinez vs. Gallardo*, 5 Cal., 155, it is held that where an appeal is dismissed for want of a proper bond, and no final judgment has been rendered, a second appeal may be taken.

Although these authorities are not directly in point, yet they clearly sustain the view that the first appeal taken in this case did not operate to bar a second appeal.

*By the Court.*—The motion to dismiss the appeal is denied.