SEABOARD NATIONAL BANK OF NEW YORK, Assignee, Etc., Appellant, v. FREDERICK WOESTEN et al., Respondents.

St. Louis Court of Appeals, July 5, 1898.

1. **Constitutional Question:** JURISDICTION: TRANSFER OF CAUSE TO SUPREME COURT. When this court undertook to vest jurisdiction of this case in the supreme court, it necessarily set aside its own opinion previously rendered therein, for the supreme court having no appellate jurisdiction over this court could not acquire jurisdiction of a case properly appealed to this court, except upon a divestiture of jurisdiction on the part of this court in the method.pointed out in the constitution.

2. ———: ———: ———. It follows that the opinion of this court in this cause was vacated by its attempt to vest jurisdiction thereof in the supreme court.

3. ———: ———: PRACTICE, APPELLATE. It is the duty of this court to dispose of a case in conformity with the last controlling decision of the supreme court "upon the question presented."

76 155
s 147m467

76 155
163s 555
163s 556
163s 557
163s 558

76 155
90 350
90 351

76 155
92 242

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

CERTIFIED TO THE SUPREME COURT.

No briefs filed.

BOND, J.—The record in this cause was transmitted, after the réndition of its opinion, by this court to the supreme court. The order of transfer recites "that this court is of opinion that its decision in the case at bar *is not in harmony* with the decision of the supreme court in Barber Asphalt Paving Co. v. Ullman, recently decided." Thereupon this court ordered "all further proceedings to be stayed." On the seventh of June, 1898, the supreme court remanded the cause, giving as its reasons for so doing, that the language of this court in transferring the cause was tantamount to a refusal on its part to follow the last decision of the supreme court; that such declination afforded no legal basis for the transfer of the cause, since it was the constitutional duty of this court to conform its rulings to the last controlling decision of the supreme court, and that it had no power by the method in question to require the supreme court "to harmonize its decisions." Upon the return of the cause to this court respondent filed a motion for a mandate in accordance with the original opinion herein of this court (68 Mo. App. 137). Appellant also moved the court to set the cause for trial under the mandate of the supreme court. Thereupon both parties joined in the stipulation for a submission of the cause without oral argument, in the event appellant's motion should be sustained and respondent's motion be denied.

Our conclusion is the motion of respondent must be denied. When this court undertook to vest jurisdiction of this case in the supreme court, it necessarily set aside its own opinion previously rendered therein, for the supreme court having no appellate jurisdiction over this court could not acquire jurisdiction of a case properly appealed to this court, except upon a divestiture of jurisdiction on the part of this court in the method pointed out in the constitution. It follows that the opinion of this court in this cause was vacated by its attempt to vest jurisdiction thereof in the supreme court. Hence an order staying all further proceedings under the opinion of this court was made when the record was transmitted to the supreme court. We are further of opinion that the motion of appellant to set this cause for hearing should be sustained, and under the stipulation of the parties it is accordingly taken as submitted. It is our duty to dispose of it in conformity with the last controlling decision of the supreme court "upon the question presented." An examination of the pleadings and evidence in the record before us demonstrates that the pivotal points presented therein are essentially the same as those reviewed by the supreme court in the case of Barber Asphalt Paving Co. v. Ullman, 137 Mo. 543.

The doctrine of that case was applied by us in the Barber Asphalt Paving Co. v. Hezel, No. 6804, delivered June 1, 1898.

For the reasons given in the latter case we reverse the judgment herein and remand the cause to be tried in conformity. Judge BLAND concurs, Judge BIGGS dissents and asks that the case be certified to the supreme court as being opposed, in his opinion, to the decision in Verdin v. St. Louis, 131 Mo. 26, which is accordingly ordered.

### DISSENTING OPINION BY JUDGE BIGGS.

In this case a judgment of affirmance was entered by this court of date December 15, 1896. That judgment remains unreversed by any action of this court or of the supreme court. In my opinion we have no further jurisdiction of the cause except to issue a mandate. I agree that the legal effect of a valid certification is to vacate the judgment of this court and to vest the jurisdiction of the cause in the supreme court. In determining its own jurisdiction the supreme court has the undoubted right to inquire into the validity of our order of certification. It has done that in this case and has decided that the order was made without constitutional warrant. The result of this ruling is that the attempted transfer of the jurisdiction by us was nugatory and had no effect whatever on the judgment rendered by us.

For this reason I dissent from the action of my associates in directing another and different judgment to be entered.

I dissent on the further ground that in my judgment the majority opinion is opposed to the decision of the supreme court in the case of Verdin v. St. Louis, 131 Mo. 26. The material facts in this case and that are not different. A re-examination of the decision in the *Verdin case* and that in the later case of Barber Asphalt Paving Co. v. Ullman, 137 Mo. 543, has convinced me that the rulings in the former were not modified or overruled by the latter.

I therefore ask that the case be certified to the supreme court.