Bradley v. Milwaukee Mech. Ins. Co.

BRADLEY v. MILWAUKEE MECHANICS INSUR-
ANCE COMPANY, Appellant.

### Division One, June 12, 1901.

Appellate Jurisdiction: CONFLICT IN OPINIONS. Before the Su-
preme Court can obtain jurisdiction of a cause transferred to it by
a Court of Appeals, on the ground that the decision of the said
Court of Appeals is in conflict with a decision by the other Court
of Appeals, it must appear from the record that a decision was
rendered in said Court of Appeals at the same term the cause was
transferred to this court. If the decision was made at a previous
term, it can not be transferred to this court. In this case, there
had been a decision in the Kansas City Court of Appeals reversing
the judgment in an insurance case in which the plaintiff claimed title
to the real estate on which the stores burned were situated, and the
point of ownership being disputed the cause was transferred to this
court on the ground that title to real estate was involved, and this
court rendered an opinion holding that title to real estate was not
involved and returned the cause to the Court of Appeals, and when
it reached there the court, without docketing the same or rendering
any opinion or other decision, made an order transferring the case
again to this court on the ground that "such decisions are opposed
to that of the St. Louis Court of Appeals in Bank v. Woesten, 76
Mo. App. 155." *Held*, that this court, by such order, acquired no
jurisdiction of the cause, since the Constitution declares that the
transfer can be made at "the same term and not afterwards" at
which a decision was rendered "which one of the judges therein
sitting shall deem contrary to any previous decision of any one of
said Courts of Appeals or of the Supreme Court."

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Fyke, Yates & Fyke* for appellant.

A. H. *Waller* and *Jno. Cosgrove* for respondent.

ROBINSON, J.—This is a suit on a policy of insurance issued by defendant to plaintiff on a two-story brick building in the town of Higbee in this State, claimed to be owned by plaintiff. The defense set up is that plaintiff was not the sole owner of the property at the time of the application for and of the issuance of the policy, as alleged by him. In the trial court plaintiff obtained judgment for $2,000, and defendant appealed the case to the Kansas City Court of Appeals. In that court the judgment of the circuit court was reversed by an opinion delivered therein November 23, 1896, concurred in by all of the judges. In due time respondent filed a motion in that court to set aside its decision of said cause and to certify the case to this court for the reason, as expressed therein, "that title to real estate is involved in the determination of the case," whereupon the Court of Appeals made the following entry and order: "Now at this day the court having fully considered respondent's motion to certify said cause to the Supreme Court, doth consider and adjudge that the question of real estate is involved, and that said motion is hereby sustained, and said cause ordered transferred to the Supreme Court for its determination."

On that order the case was transferred to this court on the sixteenth day of February 1897, and when the case came up for consideration herein it was determined, in an opinion written by MARSHALL, J., reported in 147 Mo. 634, that title to real estate was not involved in the case within the meaning of section 12 of article 6 of the Constitution of Missouri, and hence this court was wanting in jurisdiction to hear and determine the case upon its merits, and it was ordered transferred back to the court of appeals from whence it came.

When the case again reached that court, as did also the case

of the same plaintiff against the German American Insurance Company, which was following it, as a companion case through all its court trials, to abide its ultimate fate, one motion was made by respondent, as if in and for both cases, that the court make an order upon its clerk that he place the cases upon the court's docket for hearing and argument anew, whereupon the following entry and order was made by the court, resulting in both the above-named cases being again transferred to this court: "Now on this day, the court, having fully considered the motion to docket the causes, doth consider and adjudge that said motion be and the same is hereby overruled. It is further considered and adjudged by the court that such decisions are opposed to that of the St. Louis Court of Appeals in Bank v. Woesten, 76 Mo. App. 155. Therefore, said causes are transferred to the Supreme Court for its determination."

Just what is meant by the language, "It is further considered and adjudged by the court that such decisions are opposed to that of the St. Louis Court of Appeals in Bank v. Woesten, 76 Mo. App. 155," is not quite clear; but from what that court has failed to say, or do, the want of authority in this court to hear and determine the issues involved on the appeal in this case, or its companion case, is made most clear and manifest, notwithstanding this the second effort of that court to invest us with such authority. To give this court jurisdiction to hear and determine a case on appeal, certified to it by the Court of Appeals, and otherwise within the exclusive jurisdiction of that court, the record before us must show (as provided by section 6 of the amendment to the Constitution relating to courts of appeals) that a decision has been rendered in the cause or proceeding by the Court of Appeals, wherein said cause was pending, which one of the judges therein sitting, shall deem contrary to some previous decision of this or one of the Courts of Appeals, and that the court certified and trans-

ferred the cause or proceeding, and the original transcript therein, to this court, at the same term its decision was rendered.

The record nowhere discloses the existence of such a state of facts, as under the requirement of the above constitutional amendment, must be shown, to invest this court with jurisdiction to hear and determine the issues of an appeal in a case otherwise within the exclusive jurisdiction of the Court of Appeals; but on the contrary it appears that no decision had been rendered in the cause by that court, at the term the last order transferring the case to this court was made, which one of the judges thereof might deem contrary to some previous decision of this or either of the Courts of Appeal, or that might be "considered and adjudged by the court as opposed to that of the St. Louis Court of Appeals in the case of Bank v. Woesten, 76 Mo. App. 155."

If, however, the opinion in the case of Bank v. Woesten, referred to by the Kansas City Court of Appeals, is correct, then when that court undertook to invest this court with jurisdiction of the case, by its first certificate, to the effect that title to real estate was involved in its determination, it necessarily set aside its own decision previously rendered therein (and that, too, regardless of the question of the after-action of this court in the premises), and its duty was to have had the case redocketed and set down for hearing, after it had been returned to it, by the order of this court, on its determination, that title to real estate was not involved in the determination of the case within the meaning of section 12 of article 6 of the Constitution.

If, on the other hand, the Kansas City Court of Appeals was of the opinion, upon the return of the cause to it (under the transfer order of this court) that its decision previously rendered in the case before its first order of certification to this

court remained unreversed and unaffected by its after-action in
the premises, then when the case was returned to it, by the
order of this court, for disposition, it should have issued its
mandate in the cause, that the rights and interest of the parties
thereto might be settled, and not have returned the case to this
court, wholly wanting in authority to determine the issues in-
volved, or to dispose of the case in any manner upon its merits.
The fact that the judges of the Kansas City Court of Appeals
may differ among themselves, or may entertain views regard-
ing the mode and manner of procedure to be followed, for the
disposition of a case before it for determination, different from
or at variance with the views expressed by the St. Louis Court
of Appeals, under similar circumstances, does not divest that
court of jurisdiction to hear, determine, and dispose of the
case, nor does the certificate of that fact, by that court, to this
court or the existence of the fact itself, invest this court with
jurisdiction of the cause.

As said above, a case within the appellate jurisdiction of
that court can only reach this court and be determined herein
upon its merits, when one of the judges thereof deems a de-
cision rendered in the cause contrary to some previous decision
of this court, or of one of the Courts of Appeals, and have cer-
tified and transferred said case or proceeding, and the original
transcript therein, to this court at the same term said decision
is rendered and not afterwards.

Whatever the Kansas City Court of Appeals or any one
or more of the judges thereof might think of the opinion in the
case of Bank v. Woesten, supra; or however widely the views
expressed therein may be at variance with the views of the
Kansas City Court of Appeals, or of one of the judges thereof,
upon the proposition therein discussed or determined, that court
had made no decision whatever in this case at its March term,
1899 (when the case was last transferred to this court), which

could be deemed and considered to be in conflict with or contrary to the case of Bank v. Woesten, or any other previous decision of the St. Louis Court of Appeals, or of any other court. And again it might be said, that it is not possible to conceive how the case of Bank v. Woesten, or any question or proposition announced or decided therein, could be thought to be opposed to, or to be in conflict with anything that might, or would probably be said in a discussion of the issues involved in the present case.   In one case, is discussed the effect of an order of transference of a cause by the Court of Appeals to the Supreme Court (on an opinion written in the case by the former court before the order to transfer was made) when the case has been returned to the former court by the latter, for the reason that the latter court had no jurisdiction to hear and determine the case.   In the other the question for determination is, the effect to be given to the clause in a policy of insurance, that the policy shall be void, if the interest of the assured be other than unconditional and sole ownership.   Subjects so wholly foreign to each other, that the possibility of conflicting legal propositions occurring in opinions written in the two cases could not well arise.

Most certainly it can not be said that the refusal of the Kansas City Court of Appeals to docket the case returned to it, by the mandate of this court on February 15, 1899, or that its action in overruling respondent's motion to have its clerk docket and set the case down for further hearing, amounted to a decision rendered in the cause, within the meaning of section   6   of   the   amendment   of   the   Constitution   relating   to   Courts   of   Appeals,   which   provides   that "when   any   one   of   said   Courts   of   Appeals   shall   in any   cause   or   proceeding   render   a   decision   which   any one of the judges therein sitting shall deem contrary to any previous decision of any one of said Courts of Appeals, or of

the Supreme Court, the said Court of Appeals must of its own motion pending the same term and not afterwards, certify and transfer said cause or proceeding and the original transcript therein to the Supreme Court, and thereupon the Supreme Court must rehear and determine said cause or proceeding, as in case of jurisdiction obtained by ordinary appellate process," etc., and yet that is manifestly the provision of the Constitution which the Court of Appeals had in mind, and upon the authority of which alone it attempted to invest this court with jurisdiction to hear and determine said cause, as in case of jurisdiction obtained by ordinary appellate process. But as no decision has been rendered in the cause, by the Court of Appeals, since its return to that court by the order of this court in February, 1899, upon which a conflict of opinion might arise, and as upon the face of the record no fact is disclosed that gives to this court jurisdiction to hear and determine the cause under the provision of section 12 of article 6 of the Constitution, the case is again ordered certified to the Kansas City Court of Appeals for determination therein. All concur.