J. J. BRADLEY, Respondent, v. MILWAUKEE MECHANICS' INSURANCE CO., Appellant.

| 90 | 349 |
|----|-----|
| 90 | 373 |
| 90 | 450 |
| 90 | 349 |
| s92 | 241 |

Kansas City Court of Appeals, Jan. 11, 1897, and Dec. 2, 1901.

1. **Insurance: SOLE OWNERSHIP: SYNDICATE.** Reversed under authority of Bradley v. German-American Company, 90 Mo. App. 369.

2. **Appellate Practice: JURISDICTION: MANDATE.** Where the Court of Appeals decides a cause and then transfers it to the Supreme Court, and that court re-transfers it for the want of jurisdiction, the decision of the Court of Appeals stands, and the only remaining jurisdiction of that court is to enforce the judgment by proper mandate.

Appeal from Howard Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

REVERSED AND REMANDED.

PER CURIAM:—This case involves the identical questions decided at this term in Bradley v. German-American Ins. Co., 90 Mo. App. 369, and for reasons there assigned the judgment herein is reversed.

This case was appealed from the finding and judgment of the circuit court of Howard county.    At the October term of the court for the year 1896, the case was heard, and the opinion of the court was rendered by the Hon. TURNER A. GILL, wherein the finding and judgment of the circuit court was reversed and the cause remanded.    During said term the

case was certified to the Supreme Court, upon motion of the respondent, upon the ground that the decision affected title to real estate. In February, 1899, the Supreme Court, in an opinion by Judge MARSHALL, held that that court had no jurisdiction, as title to real estate was not involved, and an order was made to re-transfer the case to this court. The case is reported in 147 Mo. 634.

After the case reached this court, a motion was made to have it re-docketed, which was overruled. The order overruling said motion, omitting caption, is as follows: "Motions to docket cases overruled, but as we conceive such decision opposed to that of the St. Louis Court of Appeals in Bank v. Woesten, 76 Mo. App. 155, said causes are transferred to Supreme Court for its determination." It will be observed that the motion refers to two cases. The case of Bradley v. German-American Ins. Co., was one of the cases referred to, wherein the same questions were involved and which was a traveling "companion case" of the one under consideration from the Kansas City Court of Appeals to Supreme Court and back, and to Supreme Court and back again.

The case coming before the Supreme Court the second time, that court sent it back to this court the second time, because of the fact that it did not have jurisdiction. The opinion of the court is rendered by Judge ROBINSON; see S. W. Rep. 844. The purport of the decision is that the decision of the Kansas City Court of Appeals, in overruling motion to docket this case, did not render such a judgment as might be considered as opposed to that of the St. Louis Court of Appeals in the case of Bank v. Woesten, 76 Mo. App. 155. The opinion reads: "Most certainly it can not be said that the refusal of the Kansas City Court of Appeals to docket the case returned to it by the mandate of this court on February 15, 1899, or that its action in overruling respondent's motion to have its clerk docket and set the case down for further

hearing, amounted to a decision rendered in the cause, within the meaning of section 6, of the amendments of the Constitution, relating to Courts of Appeals."   .   .   .

The case is here again upon the question of procedure. Shall this court rehear it or issue its mandate to the trial court upon the opinion and decision of the case already had ? The case of Bank v. Woesten, 76 Mo. App. 155, of the St. Louis Court of Appeals referred to, which held that: "When this (that) court undertook to vest jurisdiction of this case in the Supreme Court, it necessarily set aside its own opinion previously rendered therein, for the Supreme Court having no appellate jurisdiction over this court could not acquire jurisdiction of a case properly appealed to this court, except upon a divestiture of jurisdiction on the part of this court in the method pointed out in the Constitution." Judge Biggs dissented from the opinion of the majority in that case, in which he held, "that judgment remains unrevoked by any action of this court or of the Supreme Court. In my opinion we have no further jurisdiction of the case, except to issue a mandate."

In this case this court at no time lost its jurisdiction after the decision by Judge Gill, at the October term of this court for the year 1896, for the Supreme Court, in both instances when it came up before that tribunal, decided that it did not have jurisdiction. Such being the case, we can not conceive how a nugatory order, and it must be held as nugatory, transferring the case to the Supreme Court, could have the effect of vacating a judgment of this court, rendered under the authority of the Constitution and laws creating its existence and defining its jurisdiction. Had the transfer in the first instance been valid and the Supreme Court had held that the decision involved the title to real estate, *ipso facto* the decision of this court would have been set aside and annulled, because of want of jurisdiction. In the second instance, if

the Supreme Court had held that the action of this court was not in harmony with the decision in the case of Bank v. Woesten, supra, and that the difference was of such a nature as to give that court jurisdiction, and it should have held that this court was in error and the St. Louis Court of Appeals was in the right, the decision of this court would from the very nature of the matters involved and determined, be annulled; but if, on the contrary, this court should have been held to be in the right, its decision would stand. It would have been a vain and useless precedure to have the case again docketed, and re-heard and re-decided.

This decision has been rendered about five years and nothing having been done that has effected its validity it is now too late to go behind it. Any interference with its force and effect would be unwarranted under the law, as we have no jurisdiction over it, except to see it carried out by a proper mandate. Motion for re-docketing and re-hearing overruled and mandate ordered. All concur.