90    439
102   4  25

## CHAS. P. HESS, Respondent, v. PHILIP GANSZ, Appellant.

**Kansas City Court of Appeals, Dec. 2, 1895, and Dec. 2, 1901.***

1. **Trial Practice: PLEADING: CAUSE OF ACTION: DIFFERENT COUNTS.** Under the code, where there is but one cause of action, and consequently only one recovery, the plaintiff may state his action in different counts for the purpose of conforming his pleading to every possible state of proof.

2. **Libel: PLEADING: DIFFERENT COUNTS.** Though a libel may effect a plaintiff as an individual, as a professional man and as an officer, it only constitutes one libel consisting of different items and

*This case reached the Reporter January 25, 1902.

such items can not be made distinct causes of action by declaring on each in separate counts.

3. ——: ——: ——: REMITTITUR. As to whether a remittitur of the recovery in all the counts but one will cure the defect in making three counts on the different items of the libel instead of one, *quaere*. Suggestion as to amendment.

4. ——: EVIDENCE: RUMOR: MITIGATION. In action of libel the defendant may offer evidence that the plaintiff's general reputation was bad in reference to the matters wherein he alleges he is libeled; general rumor of the truth of the libel may be given in evidence in mitigation.

5. ——: DEFENSE: PRIVILEGED COMMUNICATION: REPLY. It is no defense to the publisher of a newspaper, in an action for libel, that the libelous matter was composed by another person in reply to certain published criticisms upon such other person by the plaintiff.

6. Appellate Practice: TRANSFER: SUBSEQUENT TERM: JURISDICTION: MANDATE. At the expiration of the term at which a final decision has been entered by a court of appeals, it has no jurisdiction to make an order transferring the cause to the Supreme Court, and its only remaining jurisdiction is to order its mandate to the trial court.

Appeal from Macon Circuit Court.—*Hon. Andrew Ellison,* Judge.

REVERSED AND REMANDED.

*R. S. Matthews* and *Joseph Park* for appellant.

(1) Defendant's motion to compel plaintiff to elect on which of the several causes of action, mingled in the same count, he would go to trial, should have been sustained. Bliss on Pleading, sec. 125. Pike v. Van Wormer, 5 How. 171. R. S. 1889, Sec. 2040; Christal v. Craig, 80 Mo. 367. (2) The testimony offered as to general rumor, information and belief as to plaintiff's corruption in the issue of bonds to the M. & M. Railroad should have been received as a foundation for de-

fendant's honest belief as to the truth of the charge and rebut malice, also all evidence as to plaintiff's tainted character on each allegation complained of. Newell on Defamation, Libel and Slander, sec. 39; 2 Greenleaf, sec. 424, and authorities cited; Anthony v. Stephens, 1 Mo. 254; 13 Am. and Eng. Ency. of Law, p. 440, and authorities cited; Blackinstaff v. Perrin, 27 Ind. 529, directly in point. 2 Starkie on Slander (2 Ed.), 88, 89, 90, 91, 95 and 96. Also see authorities cited. (3) The defendant specially pleaded that the libels charged were matters of common rumor and general belief, and that plaintiff's general character for the things charged was bad, and also pleaded the general issue. All of defendant's evidence offered and refused as to general rumor and general character of the things charged, should have been received in mitigation of damage and to rebut malice. Anthony v. Stephens, 1 Mo. 254; 2 Greenleaf on Evidence, sec. 424; Odgers on Libel and Slander, p. 305, note citing; Clark v. Brown, 116 Mass. 504; Wilson v. Newman, 35 Wis. 321; Dufrense v. Weise, 46 Wis. 290; Benton v. Carr, 15 N. H. 351; Powers v. Presgroves, 38 Miss. 227; McIntyre v. Bransford (Ky.), 17 S. W. 359; 33 Cent. Law J. 379; 13 Am. and Eng. Ency. of Law, pp. 440 and 444, and cases cited. (4) The communication showed on its face that it was in reply to former attacks by the parties against which it was leveled, and the defendant was entitled to put in evidence the same facts which the author of the article could have done as to its being privileged, invited and solicited by plaintiff. A man who commences a newspaper war can not come into court subsequently to complain that he has had the worst of the fray. Neither can an attorney at law, who has, in pursuing his profession in a police court, wantonly attacked a citizen who is neither a party, witness, nor attorney, and then come into court to complain that he was beaten at his own game of abuse. Odgers on Libel and Slander, 228-306; Miller v. Johnson, 79 Ill. 58,

and cases cited; Newell on Defamation and Slander, sec. 38. Dickinson v. Barber, 9 Mass. 225.

*Dysart & Mitchell* for respondent.

SMITH, P. J.—This is an action for libel. The libelous article complained of was published in the Macon Republican, a newspaper of which defendant was the editor and proprietor. The petition alleged that plaintiff had been for many years a practicing lawyer in this State; that he was one of the county judges of Macon county from 1869 to 1873; that he had been city attorney of the city of Macon for twelve years, and that he was a delegate to the national Republican convention in 1888, from this State. The said newspaper article was set out in its entirety in the petition.

The article contained three distinct libelous charges. One related to the plaintiff in his quality as a private individual; another to him as an attorney at law; and still another as a public officer. The words of each of these were libelous per se, and were made the foundation for separate counts, so that the petition contained three counts and a like number of causes of action. Each count was in form *ex delicto*.

Under our statute, where there is but one cause of action, and where only one recovery can be had, the plaintiff may state it in different counts, for the purpose of so varying the form of the statement as to meet any possible state of the proof. Brinkman v. Hunter, 73 Mo. 172; Roberts v. Railway, 43 Mo. App. 287. A libelous publication may have a tendency to injure one in several ways. It may affect him individually, or in his profession, or in his official capacity; yet these are but items constituting the tort and for which the law gives but a single right of action. In Secor v. Sturgis, 16 N. Y. 548, it was said that, in case of torts, each trespass, or conversion, or fraud, gives a right of action and but a single one, however

numerous the items of wrong or damage may be.   Bliss on
Code Pleading, sec. 136; Cracroft v. Cochran, 16 Iowa 301.
And a similar idea pervades the statute defining criminal libel.
The malicious defamation of a person made public by printing
the same is a criminal offense, and for which there can be but
one punishment.   R. S., sec. 3869.   Although a malicious
publication may libel one in various ways, still it is but an in-
divisible entity, so far as making the same the basis of a civil
or criminal action.   Nelson. v. Musgrave, 10 Mo. 648.   The
pleader may always, with propriety, in appropriate paragraphs
in his pleading, refer to, or, for that matter, repeat from the
publication already set out by him, any collocation of words,
charge or item, which the article contains.

   In the present case, the plaintiff did not state his cause
of action on the libelous article in different counts, but split
the same into three parts, making each part the basis of a
separate cause of action.   There is a distinction to be noted
between stating a single cause of action in different ways, in
separate counts, and in so dividing it as to make it the basis
of three distinct causes of action and three recoveries.   This
is the objection to the plaintiff's petition instead of that al-
leged in the defendant's motion to require plaintiff to elect on
which count he would proceed to trial.   There was no ming-
ling in the petition of the averments of incongruous and incon-
sistent matters as the defendant seems to have supposed.   It
may be that, after the return of the verdict, the plaintiff hav-
ing entered a remittitur as to the amount found by the jury
for him on the second and third counts, the defendant was not
prejudiced by the plaintiff's improper manner of pleading his
cause of action.   But since we shall, for the error hereinafter
mentioned, reverse the judgment, we suggest, before another
trial of the cause takes place, that the plaintiff reform his peti-
tion so as to make it conform to the views which we have ex-
pressed.

The defendant objects that the trial court erred in reject-
ing his offers of proof of the existence, at the time of the pub-
lication of the newspaper article in question, of the general
rumor, information and belief as to plaintiff's corruption in
the matter of the issue of the bonds of Macon county, to the
M. & M. railroad.   It is defendant's insistence that such prof-
ferred evidence was admissible to establish the foundation for
his belief as to the truth of the charge in respect to the issue
of said county bonds, and to rebut the presumption of malice.
It has been thrice ruled by the Supreme Court of this State
that in actions of slander, evidence proving that the defama-
tory words were spoken by others, was inadmissible, either in
justification or mitigation.   Anthony v. Stephens, 1 Mo. 254;
Moberly v. Preston, 8 Mo. 462; Buckley v. Knapp, 48 Mo.
152.   Church v. Bridgman, 6 Mo. 190, was an action for
slander where there was interposed a special plea to the effect
that before the speaking of the words charged, said words had
been spoken to defendant by one Sims, and that at the time of
speaking said words, she (defendant) had declared in the
presence and hearing of all to whom spoken, that same were
told her by said Sims.   In the course of the opinion in the
case, delivered by Judge Napton, it was said:   "In Burris
v. McCorkle, 2 Brown's R. 90, cited in Starkie's Evi., sec.
471, the rule as to oral slander is stated to be that if the words
are uttered generally, the defendants can not justify by giving
the name of the author in his plea, or at the trial.   It can
then only go into mitigation of damages; but if at the time he
repeats the words, he gives the name of the author, so that the
party may have his action against him, it is a justification.
. . . . I suppose the true criterion to be the *quo animo* with
which the words were uttered, and though accompanied with
the name of the author, they may be repeated with a malicious
intent and mischievous effect; of this, the jury must be the

judges:" and holding further that evidence to sustain this plea was inadmissible.

In Edwards v. Printing Company, 99 Cal. 431, it was in substance declared, that the mere belief of the editor of a newspaper in the justice and truth of an attack which he makes upon the private character of a citizen, is no defense to an action brought by the person assailed, for the damages sustained by·such attack; nor can such belief be considered in mitigation of damages, unless it is shown to have been based upon information derived from a reliable source. It must be·shown that the charge was only made after due investigation of the matter to which it relates. If any such information be received, it is important to state the name of the informant, so that the jury might judge whether his character was such that the defendant might reasonably place reliance in his statements. And to like effect are Bronson v. Bruce, 59 Mich. 475; Morey v. Association, 123 N. Y. 207.

Defendants may prove a general report of the truth of the words spoken, in mitigation of damages, *but not in justification.* Nelson v. Evans, 1 Dev. (N. C.) L. 9; Calloway v. Middleton, 2 A. K. Marsh, Ky. 372; Witherbee v. Marsh, 20 N. H. 561; Hillman v. Shanklin, 60 Ind. 424; Turner v. Foxall, 2 Cranch C. Ct. 324. Previous reputation in respect to the crime charged by the words, may be considered in mitigation. Maxwell v. Kennedy, 20 Wis. 645; Mahoney v. Belford, 132 Mass. 393; Young v. Bennett, 4 Scam. (Ill.) 43. So, where plaintiff alleges an injury to have been occasioned by slanders affecting his character in any particular respect, it would fairly tend to mitigate his damages if it were shown that at the time of the utterance of the slanders alleged, his general reputation, *in that respect, was already bad.* And as he is expected to be always ready to defend his general character, so, also, he should be ready to defend it in reference to the matter wherein he alleges it to have been wrong-

fully assailed.    Anthony v. Stephens, 1 Mo. 254; Clark v. Brown, 116 Mass. 504; Wilson v. Noonan, 35 Wis. 321; Stone v. Varney, 7 Met. 86; Leonard v. Allen, 11 Cush. 241; Wright v. Shroeder, 2 Curtis 548; McNutt v. Young, 8 Leigh 542; McCabe v. Plattner, 6 Blackf. 450; Regnier v. Cabot, 7 Ill. (2 Gilm.) 34; Milleston v. Smith, 3 Kerr 443; Bridges v. Hopkins, 20 Ver. 532; Lambert v. Pharis, 3 Head. 622; Dufresne v. Wiese, 46 Wis. 290; Powers v. Pressgieve, 38 Miss. 277.    In Blickstaff v. Perrin, 27 Ind. 529, it was declared that general rumors, or a general suspicion that the party is guilty of the acts imputed to him, may be given in evidence in mitigation of the damages, *but evidence of mere reports, rumors, or suspicions is not admissible.*    In Peterson v. Morgan, 5 Man. & G. 700, the offer of defendant was not to show, as an independent fact, the general bad character of the plaintiff in the respects which had relation to the charge made against her, but to establish this fact by proof of rumors which had been circulated about plaintiff as to the offense charged against her.    The latter was held improper.

The authorities all agree that proof of the bad character of the plaintiff, at and before the time of the alleged slander, is admissible in mitigation of damages, whether exemplary or compensatory; but they disagree as to whether proof of the existence of a general report that the plaintiff had actually committed the particular offense of which defendant accused him, or any similar offense, is admissible.    Odgers on L. & S., 320; Newell on D. S. & L., 890.    It is stated in Odgers on Libel and Slander, 305, 306, that the following *nisi prius* decisions, holding that evidence of a general report that plaintiff had actually committed the particular offense charged by the slanderer, was admissible, must be considered bad law. Earl of Liecester v. Walter, 2 Camp. 251; Richard v. Richard, 2 Moo. & Rob. 557; Chalmers v. Shackell, 6 C. & P. 475; Knobell v. Fuller, Peake's Add. Cas. 139.

But we think it will appear, from the adjudicated cases which we have cited, that the great preponderance of authority is to the effect that in actions of libel and slander, the defendant should be permitted to introduce evidence that the plaintiff's general reputation was bad, in reference to the matters wherein he alleges he is libeled or slandered; and that general rumors, or general report or suspicion of the truth of the libel or slander charged, may be given in evidence by the defendant in mitigation of the damages. And the reason for this is that the action is for injury to the position and standing of the plaintiff among his fellows, by the utterance or publication of slanders tending to degrade him in their estimation and perhaps expose him to punishment; and the defendant may show that the plaintiff's general reputation is already bad, with a view of showing that no serious injury can have been inflicted upon him. We are therefore of the opinion that the evidence of the character referred to, which was rejected by the court, should have been received, subject, of course, to the limitations and restrictions already sufficiently indicated.

The defendant further objects that the court erroneously refused his instruction (no number), which told the jury, that "a privileged communication is one which is written and published in reply to former attacks by the person against which it is written, and the editor and publisher of a newspaper is entitled to the same privilege in publication the author would have, and if the jury believe from the evidence that said article was a reply by the author, then they will find for the defendant." The publication of which plaintiff complains appeared in the defendant's newspaper, over the signature of Mayor Hanson, and was in reply to a speech of plaintiff, before the police court, criticising Mayor Hanson, which had been previously published in the Times newspaper. This was no excuse or privilege to the defendant. He could not step

into Mayor Hanson's shoes. It was no defense that the article was written by Hanson. It is a legal defense to an action for defamation, if satisfactorily proven, that the circumstances under which the defamatory words were published were such as to render it right and proper that the defendant should plainly state what he honestly believed to be true of plaintiff's character—to speak his mind fully and freely concerning him. In such cases, the communication is said to be privileged, and though it may be false, still its publication on such occasion is excused for the sake of common convenience and the welfare of society. Newell on D. L. & S., 391. But what circumstances are shown, in the present case, to justify the defendant in publishing the libelous article he did, no difference by whom written, against the plaintiff? He was not smarting under the lash of the plaintiff's criticism. He shows no fact or circumstance excusing the libelous publication.

We have examined the plaintiff's whole series of instructions in connection with that of the defendant, and our conclusion is that the law of the case was fully and properly declared to the jury and that there is no just ground of complaint arising out of the action of the court in the giving or refusing of instructions.

The judgment must be reversed and cause remanded. All concur.

### ADDITIONAL OPINION.

In this cause the following proceedings were had at the October term, 1901.

BROADDUS, J.—A decision of this case was made by this court on December 1, 1895, when an opinion of the court rendered by Judge Smith, the same was reversed and remanded

to the circuit court. On the same day a motion for rehearing was filed by the respondent, which was overruled by the court, and the cause certified to the Supreme Court for the assigned cause, that the decision was in conflict with the decision of the Supreme Court in the third Missouri Report. At the April term, 1898, of the Supreme Court, in an opinion rendered by Judge BURGESS, that court held, "that the order that the case be certified to this court is so uncertain and indefinite, that this court acquired no jurisdiction of the case by reason thereof" and ordered that the record be returned to the Kansas City Court of Appeals.

At the October term of this court for the year 1898, another order was made transferring the cause to the Supreme Court, "on account of one of the judges of this court deeming said cause in conflict with the case of Anthony v. Stephens, reported in volume 1 of the Missouri Reports, at page 254." On the thirteenth day of April, 1901, the appellants filed in the Supreme Court a motion to remand the case to this court, which motion at the April term of said court was sustained and the case was remanded. The cause was remanded to this court, presumably for the reason that under article 6, section 6, amendments to the Constitution, the order of transfer necessary to give the Supreme Court jurisdiction must be made at the same term the decision is rendered and not thereafter, and as the order was made not at the term the decision was rendered, but at a subsequent term, no jurisdiction was conferred on the Supreme Court.

At the present term of this court the appellant filed a motion to strike the cause from the docket for the reason that "an opinion was filed in this cause on the first day of December, 1895, and that the same was and ever since has been fully adjudicated, and this court has no other or further jurisdiction therein, except to order its mandate as herein

Vol 90 app—29

prayed." For the reason that this case stands upon the same principle applied to the case of J. J. Bradley v. Milwaukee Insurance Company, 90 Mo. App. 349, the motion should be sustained, which is accordingly done and mandate ordered to the circuit court of Macon county. All concur.