## J. J. BRADLEY, Respondent, v. PHOENIX INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, February 10, 1902.

Appellate Practice: CERTIFYING TO SUPREME COURT: JURISDICTION: MANDATE. Where a Court of Appeals certifies a case to the Supreme Court after rendering an opinion therein, and that court returns the case for want of jurisdiction, the decision of the Court of Appeals stands and it only has power to order a mandate.

Appeal from Howard Circuit Court.—*Hon. Jno. A. Hockaday*, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke* for appellant.

*A. H. Waller* and *Jno. & J. W. Cosgrove* for respondent.

ELLISON, J.—This is an action on a policy of fire insurance. The plaintiff recovered judgment in the trial court, and defendant appealed.

Vol 92 app—16

This case is one of three by the same plaintiff against different insurance companies on account of the same fire. In the other cases we reversed the judgment and remanded the cause on the ground that plaintiff had no cause of action on the facts disclosed. Afterwards those cases were transferred to the Supreme Court as involving the title to real estate. That court, being of the opinion that they did not involve title to real estate, returned the cases to this court. 147 Mo. 634.

The question then arose whether the cases should be re-docketed for hearing, or whether the former judgment and opinion stood as a final determination of the cases. We held to the latter view, but finding ourselves in conflict with the St. Louis Court of Appeals on that question (Bank v. Woesten, 76 Mo. App. 155), we again certified the cases to the Supreme Court. That court again returned them, being of the opinion that the last question was not such as could be certified to them. Bradley v. Ins. Co., 163 Mo. 553. We then rendered an opinion (90 Mo. App. 349) by BROADDUS, J., on motion for mandate, ordering that it be issued.

By the foregoing it will be seen that the other cases involving the same questions as those involved here, have been determined by us. They control this case and the judgment will therefore be reversed and the cause remanded. All concur.